**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1180
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MARIANNA ZHAO,
*on behalf of herself, FLSA Collective Plaintiffs, and the Class,*

        Plaintiff,

v.

SURGE PRIVATE EQUITY LLC,
   d/b/a SURGE PRIVATE EQUITY
HIPPODROME SERVICES CORP.
   d/b/a HIPPODROME SERVICES
HIPPODROME LLC,
   d/b/a HIPPODROME SERVICES LLC
and DOUGLAS KOPELMAN,

        Defendants.

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Jury Trial Demanded

Plaintiff, MARIANNA ZHAO (hereinafter, "Plaintiff"), on behalf of herself and others similarly situated, by and through her undersigned attorneys, hereby files this class and collective action Complaint against Defendants SURGE PRIVATE EQUITY LLC, d/b/a SURGE PRIVATE EQUITY, HIPPODROME LLC d/b/a HIPPODROME SERVICES LLC, ("Corporate Defendants"), and DOUGLAS KOPELMAN ("Individual Defendant" and together with Corporate Defendants "Defendants") and states as follows:

1

## INTRODUCTION

1. Plaintiff MARIANNA ZHAO alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. Seq.* ("FLSA"), that she and others similarly situated individuals are entitled to recover from Defendants: (1) unpaid wages due to time shaving; (2) unpaid wages due to rounding; (3) liquidated damages; and (4) attorney's fees and costs

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), she and others similarly situated are entitled to recover from Defendants: (1) unpaid wages due to time shaving; (2) unpaid wages due to rounding; (3) statutory penalties; (4) liquidated damages; and (5) attorney's fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, MARIANNA ZHAO, is a resident of New York County, New York.

6. Corporate Defendant, HIPPODROME LLC d/b/a HIPPODROME SERVICES LLC is a foreign limited liability company organized under the laws of Delaware, with a principal place of business at 780 East 134th Street, Bronx, NY 10454, and address for service of process located at 1218 Central Avenue, Suite 100, Albany, NY 12205. **Exhibit A.**

7. Corporate Defendant HIPPODROME SERVICES CORP. d/b/a HIPPODROME SERVICES is a domestic business corporation organized under the laws of New York, with a

principal place of business at 780 East 134th Street, Bronx, NY 10454, and address for service of process located at 310 Walton Avenue, Bronx, NY, 11451. **Exhibit B.**

8.  Corporate Defendants SURGE PRIVATE EQUITY LLC is a foreign limited liability company organized under the laws of Texas, with a principal place of business at 2101 Cedar Springs Road, Suite 1220 Dallas, TX 75201 and an address for service of process located at 206 East 9th Street, Austin, TX 78701. **Exhibit C.**

9.  Individual Defendant DOUGLAS KOPELMAN is the Chief Executive Officer of the Corporate Defendant HIPPODROME LLC and an Operating Partner of SURGE PRIVATE EQUITY LLC. *See* **Exhibit D**. Defendant DOUGLAS KOPELMAN exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs, and the Class. Defendant DOUGLAS KOPELMAN exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs, and the Class. At all times, employees may complain to Defendant DOUGLAS KOPELMAN directly regarding any of the terms of their employment, and DOUGLAS KOPELMAN would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. Defendant DOUGLAS KOPELMAN exercised functional control over the business and financial operations of the Corporate Defendant. Defendant DOUGLAS KOPELMAN had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class members, and could reprimand employees.

10. At all relevant times, Corporate Defendants were and continues to be an "enterprise engaged in commerce" within the meaning of FLSA.

11. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class members was directly essential to the business operated by Defendants.

### FLSA COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff MARIANNA ZHAO asserts claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including but not limited to cleaners, washers, folders, delivery persons, and pressers) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (hereinafter, "FLSA Collective Plaintiffs").

13. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay Plaintiff and FLSA Collective Plaintiffs (i) their proper wages for all hours worked due to time shaving and (ii) their proper wages for all hours worked due to rounding. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

14. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

15. Plaintiff asserts claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees (including but not limited to cleaners, washers, pressers, folders, delivery persons, and packers) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

16. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are able to be determined from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also able to be determined from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

17. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants and there is no doubt that there are more than forty (40) members of the Class.

18. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All Class members were subject to the same corporate practices of Defendants of (i) failing to pay proper wages for all hours worked due to time shaving; (ii)

failing to pay proper wages for all hours worked due to rounding; (iii) failing to provide proper wage statements per requirements of NYLL; and (iv) failing to properly provide wage notices to Class members, at the date of hiring and annually, per requirements of NYLL.

19. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff, and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices and procedures.

20. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented Plaintiffs in wage and hour cases.

21. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation

claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

22. Defendants and other employers throughout the State violate New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

23. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a. Whether Defendants employed Plaintiff and the Class within the meaning of New York law and applicable state laws;

   b. What are and were the policies, practices, programs, procedures, protocols, and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and Class members properly;

c. At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and Class members for their work;

d. Whether Defendants properly notified Plaintiff and Class members of their hourly rates and overtime rates;

e. Whether Defendants operated their business with a policy of not compensating employees for all hours worked due to time-shaving;

f. Whether Defendants operated their business with a policy of not compensating employees for all hours worked due to rounding;

g. Whether Defendants provided proper wage statements informing employees of information required to be provided on wage statements as required under the NYLL; and

h. Whether Defendants provided proper wage and hour notice to employees, including, among others, the rate of compensation, trade name of employer, pursuant to the requirements of NYLL.

## STATEMENT OF FACTS

24. In or around June 2012, Plaintiff MARIANNA ZHAO was hired by Defendants to work as a cleaner for Defendants' Commercial Laundry business "Hippodrome," located at 780 East 134th Street, Bronx, NY 10451. Plaintiff was employed by Defendants until in or around December 1, 2019. Plaintiff was re-hired in or around April 2020 until in or around June 30, 2020.

25. From the start of her employment until June 2016, Plaintiff was scheduled to work from 9:00 a.m. to 5:00 p.m., five (5) days per week. Starting in June 2016 to the end of her employment, Plaintiff was scheduled to work from 8:00 p.m. to 4:00 a.m., five (5) days per week. During Plaintiff's employment with Defendants, FLSA Collective Plaintiffs and Class members worked similar hours and shifts.

26. From the start of her employment until her first termination in or around December 1, 2019, Plaintiff was compensated at the New York City minimum wage rate. When Plaintiff was re-hired in or around April 2020 until her termination in or around June 30, 2020, Plaintiff was compensated at a rate of $15.20 per hour. FLSA Collective Plaintiffs and Class members were compensated at similar rates.

27. In or around the end of July 2019, Corporate Defendant PRIVATE SURGE EQUITY LLC purchased Corporate Defendant HIPPODROME SERVICES CORP. from the prior owners and made Defendant DOUGLAS KOPELMAN the Chief Executive Officer.

28. Starting in or around August 2019, Plaintiff was required to come in to work approximately fifteen (15) minutes prior to the start of her shift to prepare for work, however, Plaintiff was not permitted to clock in for this time. Plaintiff was additionally required to continue working for approximately thirty (30) minutes after clocking out of her shift. FLSA Collective Plaintiffs and Class members were similarly required to perform work before and after their shift.

29. Starting in or around August 2019, Plaintiff was required to clock out for a thirty (30) minute meal break. However, approximately two (2) times per week, the laundry delivery truck would arrive while Plaintiff was on her break, and she was required to stop eating and to

help load the truck with clothes. FLSA Collective Plaintiffs and Class members were similarly required to interrupt their breaks and help load the truck off the clock.

30. Starting in or around August 2019, approximately three (3) times per week, Plaintiff would be too busy and unable to take a meal break, however, Defendants would automatically deduct the thirty (30) minute meal break anyway. FLSA Collective Plaintiffs and Class members similarly had meal breaks automatically deducted from their wages if they failed to clock out

31. Throughout Plaintiff's employment, Defendants had a policy of detrimentally rounding down Plaintiff's, FLSA Collective Plaintiffs' and Class Members' hours to the nearest fifteen (15) minutes. *See* **Exhibit E**. However, Defendants always rounded Plaintiff's, FLSA Collective Plaintiffs' and Class Members' hours down to their detriment and never to the employees' benefit.

32. Defendants never provided Plaintiff with a proper wage statement in violation of NYLL as they failed to accurately list Plaintiff's total worked time and wages. Similarly, FLSA Collective Plaintiffs and Class members were not provided with proper wage statements as required by NYLL.

33. At no time during the relevant periods did Defendants provide Plaintiff or Class members with proper wages notices, at the beginning of employment and with every change of payrate thereafter as required by NYLL.

34. Defendants knowingly and willfully operated their business with a policy of not paying the proper overtime rate thereof for all hours worked to Plaintiff, FLSA Collective Plaintiffs, and Class members in violation of FLSA and NYLL.

35. Defendants knowingly and willfully operated their business with a policy of compensating Plaintiff, FLSA Collective Plaintiffs, and Class members, with their proper wages for all hours worked due to Defendants policy of time shaving, in violation of the FLSA and the NYLL.

36. Defendants knowingly and willfully failed to pay Plaintiff, FLSA Collective Plaintiffs, and Class members regular and overtime wages for all hours worked due to Defendants' improper policy of rounding, in violation of the FLSA and the NYLL.

37. Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices, at the beginning of employment and annually thereafter, pursuant to the requirements of NYLL.

38. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required by NYLL.

39. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs, and Class members.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

40. Plaintiff realleges and incorporates all the above allegations of this Complaint as fully set forth herein.

41. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered

individuals within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a).

42. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of FLSA.

43. At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.

44. At all relevant times, Defendants had a policy and practice that failed to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for all hours worked in excess of forty (40) hours per workweek.

45. At all relevant times, Defendants had a policy and practice that failed to pay wages, including overtime, to Plaintiff and FLSA Collective Plaintiffs for all hours worked due to time-shaving.

46. At all relevant times, Defendants had a policy and practice that failed to pay wages, including overtime, to Plaintiff and FLSA Collective Plaintiffs for all hours worked due to an impermissible policy of rounding.

47. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

48. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs their proper wages, including their proper overtime premium, when Defendants knew or should have

known such was due.

49. Defendants knew of and/or showed a willful disregard for the provisions of FLSA as evidence by their failure to compensate Plaintiff and FLSA Collective Plaintiffs their proper wages, including overtime, due to time-shaving.

50. Defendants knew of and/or showed a willful disregard for the provisions of FLSA as evidence by their failure to compensate Plaintiff and FLSA Collective Plaintiffs their proper wages, including overtime, due to an impermissible policy of rounding.

51. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under FLSA.

52. As a direct and proximate result of Defendants' willful disregard of FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to FLSA.

53. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of (i) unpaid wages due to time-shaving, and (ii) unpaid wages due to rounding, plus an equal amount as liquidated damages.

54. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

### VIOLATION OF THE NEW YORK LABOR LAW

55. Plaintiff realleges and incorporates all the above allegations of this Complaint as fully set forth herein.

56. At all relevant times, Plaintiff and Class members were employed by Defendants within the meaning of NYLL, §§ 2 and 651.

57. Defendants failed to properly compensate employees their corresponding wages, including overtime, due to time shaving, in direct violation of NYLL.

58. Defendants failed to properly compensate employees their corresponding wages, including overtime, due to a policy of rounding, in direct violation of NYLL.

59. Defendants knowingly and willfully operated their business with a policy of not providing Plaintiff and Class members proper wage notice, at date of hiring and annually thereafter, as required under NYLL.

60. Defendants knowingly and willfully operated their business with a policy of not providing proper and accurate wage statements, as required under NYLL.

61. Due to Defendants' NYLL violations, Plaintiff and Class members are entitled to recover from Defendants unpaid wages due to time-shaving, unpaid wages due to rounding, damages for unreasonably delayed payments, reasonable attorney's fees, liquidated damages, statutory penalties, and costs and disbursements of the action, pursuant to NYLL.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff ZHAO, on behalf of herself, FLSA Collective Plaintiffs, and Class members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by

      law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid wages, including overtime, due to time-shaving due under the FLSA and the NYLL;

d. An award of unpaid wages, including overtime, due to rounding due under the FLSA and the NYLL;

e. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime premium pursuant to 29 U.S.C. § 216;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay wages, including overtime due to time shaving, and failure to pay wages, including overtime due to rounding, pursuant to the FLSA and the NYLL;

g. An award of statutory penalties, prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorney's and expert fees and statutory penalties;

h. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

i. Designation of this action as a class action pursuant to F.R.C.P. 23;

j. Designation of Plaintiff as Representative of the Class; and

k. Such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: August 26, 2022

Respectfully submitted,

LEE LITIGATION GROUP, PLLC

By: */s/ C.K. Lee*

C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs, and the Class*