UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

MARIANNA ZHAO, on behalf of herself, FLSA Collective
Plaintiffs, and the Class,

                                    Plaintiff,

             -against -

SURGE PRIVATE EQUITY LLC, d/b/a SURGE PRIVATE
EQUITY HIPPODROME SERVICES CORP.
d/b/a HIPPODROME SERVICES HIPPODROME LLC,
d/b/a HIPPODROME SERVICES LLC and DOUGLAS
KOPELMAN,

                                   Defendants.

-------------------------------------------------------------------------------X

Docket No.: 22-cv-07314

**ANSWER TO
COMPLAINT**

Defendants, SURGE PRIVATE EQUITY LLC, d/b/a SURGE PRIVATE EQUITY

HIPPODROME SERVICES CORP. d/b/a HIPPODROME SERVICES HIPPODROME LLC,

d/b/a HIPPODROME SERVICES LLC and DOUGLAS KOPELMAN by their attorneys,

MILBER MAKRIS PLOUSADIS & SEIDEN, LLP, as and for their Answer to the Complaint,

allege the following upon information and belief:

## <u>INTRODUCTION</u>

1.      Defendants aver that the allegations contained in Paragraph "1" of the Complaint

constitute conclusions of law to which no response is required.  To the extent that a response is

deemed necessary, Defendants deny the allegations contained in Paragraph "1" of the Complaint

and respectfully refer all questions of law to this Honorable Court.

2.      Defendants aver that the allegations contained in Paragraph "2" of the Complaint

constitute conclusions of law to which no response is required.  To the extent that a response is

deemed necessary, Defendants deny the allegations contained in Paragraph "2" of the Complaint and respectfully refer all questions of law to this Honorable Court.

## JURISDICTION AND VENUE

3.      Defendants aver that the allegations contained in Paragraph "3" of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Defendants deny the allegations contained in Paragraph "3" of the Complaint and respectfully refer all questions of law to this Honorable Court.

4.      Defendants aver that the allegations contained in Paragraph "4" of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Defendants deny the allegations contained in Paragraph "4" of the Complaint and respectfully refer all questions of law to this Honorable Court.

## PARTIES

5.      Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "5" of the Complaint.

6.      Defendants aver that the allegations contained in Paragraph "6" of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Defendants deny the allegations contained in Paragraph "6" of the Complaint and respectfully refer all questions of law to this Honorable Court.

7.      Defendants admit each and every allegation contained in Paragraph "7" of the Complaint.

8.      Defendants admit each and every allegation contained in Paragraph "8" of the Complaint.

9.      Defendants deny each and every allegation contained in Paragraph "9" of the Complaint and respectfully refer all questions of law to this Honorable Court.

10.      Defendants aver that the allegations contained in Paragraph "10" of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Defendants deny the allegations contained in Paragraph "10" of the Complaint and respectfully refer all questions of law to this Honorable Court.

11.      Defendants deny each and every allegation contained in Paragraph "11 and its subsections" of the Complaint and respectfully refer all questions of law to this Honorable Court.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12.      Defendants aver that the allegations contained in Paragraph "12" of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Defendants deny the allegations contained in Paragraph "12" of the Complaint and respectfully refer all questions of law to this Honorable Court.

13.      Defendants deny each and every allegation contained in Paragraph "13" of the Complaint and respectfully refer all questions of law to this Honorable Court.

14.      Defendants deny each and every allegation contained in Paragraph "14" of the Complaint and respectfully refer all questions of law to this Honorable Court.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

15.      Defendants aver that the allegations contained in Paragraph "15" of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Defendants deny the allegations contained in Paragraph "15" of the Complaint and respectfully refer all questions of law to this Honorable Court.

16.    Defendants deny each and every allegation contained in Paragraph "16" of the Complaint and respectfully refer all questions of law to this Honorable Court.

17.    Defendants deny each and every allegation contained in Paragraph "17" of the Complaint and respectfully refer all questions of law to this Honorable Court.

18.    Defendants deny each and every allegation contained in Paragraph "18" of the Complaint and respectfully refer all questions of law to this Honorable Court.

19.    Defendants deny each and every allegation contained in Paragraph "19" of the Complaint and respectfully refer all questions of law to this Honorable Court.

20.    Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "20" of the Complaint.

21.    Defendants deny each and every allegation contained in Paragraph "21" of the Complaint and respectfully refer all questions of law to this Honorable Court.

22.    Defendants deny each and every allegation contained in Paragraph "22" of the Complaint and respectfully refer all questions of law to this Honorable Court.

23.    Defendants deny each and every allegation contained in Paragraph "23 and its subsections" of the Complaint and respectfully refer all questions of law to this Honorable Court.

## STATEMENT OF FACTS

24.    Defendants deny each and every allegation contained in Paragraph "24" of the Complaint.

25.    Defendants deny each and every allegation contained in Paragraph "25" of the Complaint.

26.    Defendants deny each and every allegation contained in Paragraph "26" of the Complaint.

27.    Defendants deny each and every allegation contained in Paragraph "27" of the Complaint.

28.    Defendants deny each and every allegation contained in Paragraph "28" of the Complaint and respectfully refer all questions of law to this Honorable Court.

29.    Defendants deny each and every allegation contained in Paragraph "29" of the Complaint and respectfully refer all questions of law to this Honorable Court.

30.    Defendants deny each and every allegation contained in Paragraph "30" of the Complaint and respectfully refer all questions of law to this Honorable Court.

31.    Defendants deny each and every allegation contained in Paragraph "31" of the Complaint and respectfully refer all questions of law to this Honorable Court.

32.    Defendants deny each and every allegation contained in Paragraph "32" of the Complaint and respectfully refer all questions of law to this Honorable Court.

33.    Defendants deny each and every allegation contained in Paragraph "33" of the Complaint and respectfully refer all questions of law to this Honorable Court.

34.    Defendants deny each and every allegation contained in Paragraph "34" of the Complaint and respectfully refer all questions of law to this Honorable Court.

35.    Defendants deny each and every allegation contained in Paragraph "35" of the Complaint and respectfully refer all questions of law to this Honorable Court.

36.    Defendants deny each and every allegation contained in Paragraph "36" of the Complaint and respectfully refer all questions of law to this Honorable Court.

37.    Defendants deny each and every allegation contained in Paragraph "37" of the Complaint and respectfully refer all questions of law to this Honorable Court.

38.     Defendants deny each and every allegation contained in Paragraph "38" of the Complaint and respectfully refer all questions of law to this Honorable Court.

39.     Defendants admit each and every allegation contained in Paragraph "39" of the Complaint.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

40.     In response to Paragraph "40", Defendants repeat, reiterate and reallege each and every response applicable to the allegations contained in Paragraphs "1" through "39" of the Complaint as though more fully set forth herein.

41.     Defendants deny each and every allegation contained in Paragraph "41" of the Complaint and respectfully refer all questions of law to this Honorable Court.

42.     Defendants deny each and every allegation contained in Paragraph "42" of the Complaint and respectfully refer all questions of law to this Honorable Court.

43.     Defendants admit each and every allegation contained in Paragraph "43" of the Complaint.

44.     Defendants deny each and every allegation contained in Paragraph "44" of the Complaint and respectfully refer all questions of law to this Honorable Court.

45.     Defendants deny each and every allegation contained in Paragraph "45" of the Complaint and respectfully refer all questions of law to this Honorable Court.

46.     Defendants deny each and every allegation contained in Paragraph "46" of the Complaint and respectfully refer all questions of law to this Honorable Court.

47.     Defendants aver that the allegations contained in Paragraph "47" of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Defendants deny the allegations contained in Paragraph "47" of the Complaint and respectfully refer all questions of law to this Honorable Court.

48.     Defendants deny each and every allegation contained in Paragraph "48" of the Complaint and respectfully refer all questions of law to this Honorable Court.

49.     Defendants deny each and every allegation contained in Paragraph "49" of the Complaint and respectfully refer all questions of law to this Honorable Court.

50.     Defendants deny each and every allegation contained in Paragraph "50" of the Complaint and respectfully refer all questions of law to this Honorable Court.

51.     Defendants deny each and every allegation contained in Paragraph "51" of the Complaint and respectfully refer all questions of law to this Honorable Court.

52.     Defendants deny each and every allegation contained in Paragraph "52" of the Complaint and respectfully refer all questions of law to this Honorable Court.

53.     Defendants deny each and every allegation contained in Paragraph "53" of the Complaint and respectfully refer all questions of law to this Honorable Court.

54.     Defendants deny each and every allegation contained in Paragraph "54" of the Complaint and respectfully refer all questions of law to this Honorable Court.

## COUNT II

## <u>VIOLATION OF THE NEW YORK LABOR LAW</u>

55.     In response to Paragraph "55", Defendants repeat, reiterate and reallege each and every response applicable to the allegations contained in Paragraphs "1" through "54" of the Complaint as though more fully set forth herein.

56.     Defendants aver that the allegations contained in Paragraph "56" of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Defendants deny the allegations contained in Paragraph "56" of the Complaint and respectfully refer all questions of law to this Honorable Court.

57.     Defendants aver that the allegations contained in Paragraph "57" of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Defendants deny the allegations contained in Paragraph "57" of the Complaint and respectfully refer all questions of law to this Honorable Court.

58.     Defendants deny each and every allegation contained in Paragraph "58" of the Complaint and respectfully refer all questions of law to this Honorable Court.

59.     Defendants deny each and every allegation contained in Paragraph "59" of the Complaint and respectfully refer all questions of law to this Honorable Court.

60.     Defendants deny each and every allegation contained in Paragraph "60" of the Complaint and respectfully refer all questions of law to this Honorable Court.

61.     Defendants deny each and every allegation contained in Paragraph "61" of the Complaint and respectfully refer all questions of law to this Honorable Court.

## PRAYER FOR RELIEF

62.     Defendants deny that plaintiffs are entitled to any type of remedy, relief or damages in Plaintiff's Prayer for Relief and/or its subsections (a) through (k).

## JURY DEMAND

63.     Defendants acknowledge that Plaintiff demands a trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

64.     Plaintiff fails, in whole or in part, to state a claim upon which relief may be granted or for which the damages sought can be awarded against Defendants.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

65.     Plaintiff's claims are barred or should be reduced, in whole or in part, due to Plaintiff's failure to use such means as are reasonable under the circumstances to avoid or minimize the damages that they allege, mitigate the alleged damages, or avail themselves of preventative or remedial measures.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

66.     Plaintiff's claims may be barred to the extent the Plaintiff knowingly and intentionally did not complain of any alleged wage and hour violations to Defendants in bad faith to purposefully precipitate a claim.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

67.     Plaintiff's claims for damages are barred or limited by Defendants' good faith efforts to comply with applicable law, and Plaintiff's Complaint cannot establish willful violation of the FLSA.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

68.     To the extent payments were made in good faith and in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the United States Department of Labor and/or New York State Department of Labor, Defendants cannot be liable for relief or recovery

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

69.    Plaintiff's claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupment or offsets permissible under the FLSA and the New York Labor Law.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

70.    Plaintiff's claims are barred, in whole or in part, under the doctrines of waiver, laches, estoppel, ratification, acquiescence, or unclean hands.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

71.    Plaintiff's claims are barred, in whole or in part, under the doctrine of payment as Defendants have already tendered some or all of the payments claimed to be owed.

## AS AND FOR A NINETH AFFIRMATIVE DEFENSE

72.    Plaintiff's claims are barred, in whole or in part, under the Doctrine of Avoidable Consequences.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

73.    Plaintiff should be limited to the extent Plaintiff has failed to mitigate any of the damages alleged in the Complaint.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

74.    Plaintiff's claims are due to their own failure to conform to the obligations of an employee.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

75.    Plaintiff's claims are barred by the doctrine of abandonment.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

76.     Some of Plaintiff's claims are barred or limited, in whole or in part, by the doctrine of after-acquired evidence.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

77.     Plaintiff's claims, and each of them, brought on behalf of themself, are in whole or in part *de minimis*.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

78.     Plaintiff's claims, and each of them, brought on behalf of themself, would violate the procedural and substantive Due Process clauses of the state and federal Constitutions.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

79.     Plaintiff's claims, and each of the causes of action, brought on behalf of themself, that seek the imposition of multiple penalties and/or exemplary damages for the same basic wrongs are unconstitutional in that such relief violates the Due Process clauses of both federal and state Constitutions.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

80.     Defendants oppose class certification and/or a collective action and dispute the propriety of class treatment and/or a collective action. If the Court certified the class or collective action over Defendants' objections, the Defendants assert the affirmative defenses set forth herein against each and every member of the certified class and/or collective action.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

81.     Plaintiff is precluded from recovering any amounts from Defendants where Defendants have paid Plaintiff all sums legally due under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, the New York Minimum Wage Act, N.Y. Labor Law §§ 650 *et seq.*, Article 6 of

the New York Labor Law, N.Y. Labor Law §§ 190 *et seq.*, and all of their implementing regulations (collectively "Applicable Law").

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

82.     Plaintiff's claims are barred in whole or in part to the extent that the work they performed falls within exemptions, exclusions, exemptions, or credits provided for in the Fair Labor Standards Act, the New York Labor Law, and their implementing regulations.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

83.     Plaintiff's claims brought on behalf of themself and the putative members of the purported class or collective action as set forth in Plaintiff's Complaint, cannot and should not be maintained on a class or collective action basis because those claims fail to meet the necessary requirements for class certification and/or a collective action, including class ascertain-ability, typicality, commonality, numerosity, manageability, superiority, and adequacy of the class or collective action representative; lack of a community of interest among the putative class and/or collective action; and because class certification and/or a collective action is inappropriate due to Defendants' lawful policies.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

84.     Defendants paid Plaintiff and similarly situated employees, in full, the compensation owed for all hours worked.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

85.     Defendants provided Plaintiff and similarly situated employees with all wage notices and statements required by law.

## AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

86.    In the event Plaintiff or putative class members demonstrate deficiencies in wage notices or statements that they received during their employment, damages are not recoverable for such alleged deficiencies under the New York Labor Law.

## AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

87.    Defendants are not liable for any alleged underpayments resulting from alleged work time as to which Defendants were unaware and had no reason to be aware.

## AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

88.    To the extent Defendants failed to comply with statutory notice/statement requirements, which is expressly denied and not admitted, any claims to recover damages for same are barred because they (i) made complete and timely payment of all wages due; and/or (ii) reasonably believed in good faith that they were not required to provide such notices and/or statements.

## AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

89.    The allegations of the Complaint are insufficient to entitle Plaintiff or putative class members to an award of liquidated damages or attorneys' fees.

## AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

90.    Plaintiff and putative class members fail to state a claim under New York Labor Law section 191 because no private right of action exists for alleged violations of New York Labor Law section 191.

## AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

91.     Plaintiff and putative class members fail to state a claim under New York Labor Law section 191 to the extent Defendants paid their wages at a frequency authorized by the New York State Department of Labor.

## AS AND FOR A TWENTY-NINETH AFFIRMATIVE DEFENSE

92.     This case is not appropriate for class action because the facts and law common to the case, if any, are insignificant compared to the individual facts and issues particular to Plaintiff and to those whom they purport to represent.

## AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

93.     Plaintiff cannot establish or maintain a class or collective action because it cannot be demonstrated that a class or collective action is superior to other methods available for adjudicating any controversy.

## AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

94.     In addition to the defenses stated above, Defendants reserve the right to assert any and all additional legal and/or equitable defenses that may become apparent during the course of discovery and/or trial.

WHEREFORE, Defendants SURGE PRIVATE EQUITY LLC, d/b/a SURGE PRIVATE EQUITY HIPPODROME SERVICES CORP. d/b/a HIPPODROME SERVICES HIPPODROME LLC, d/b/a HIPPODROME SERVICES LLC and DOUGLAS KOPELMAN demand judgment:

(A)     Dismissing the Complaint;

(B)     Awarding them the costs and disbursements of this action; and

(C)     Awarding them such other and further relief that this Court may deem just and proper.

Dated: Woodbury, New York
      November 3, 2022

                                          MILBER MAKRIS PLOUSADIS
                                          & SEIDEN, LLP

                                          _____
                                          Elizabeth R. Gorman, Esq,
                                          Attorneys for Defendants
                                          SURGE PRIVATE EQUITY LLC, d/b/a
                                          SURGE PRIVATE EQUITY
                                          HIPPODROME SERVICES CORP. d/b/a
                                          HIPPODROME SERVICES
                                          HIPPODROME LLC, d/b/a HIPPODROME
                                          SERVICES LLC and DOUGLAS
                                          KOPELMAN
                                          1000 Woodbury Road, Suite 402
                                          Woodbury, New York 11797
                                          Telephone: (516) 712-4000
                                          Facsimile: (516) 712-4013
                                          Our File No.: 420-23137
                                          egorman@milbermakris.com

TO:    C.K. Lee, Esq.
          Lee Litigation Group, PLLC
          Attorneys for Plaintiff
          148 West 24th Street
          Suite 8th Floor
          New York, New York 10011
          (212) 465-1124
          cklee@leelitigation.com