**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————————————

MARIANNA ZHAO, *on behalf of herself, FLSA*
*Collective Plaintiffs, and the Class*,

     Plaintiff,        Case No.: 1:22-cv-07314

  v.

SURGE PRIVATE EQUITY LLC,
  d/b/a SURGE PRIVATE EQUITY
HIPPODROME SERVICES CORP.
  d/b/a HIPPODROME SERVICES
HIPPODROME LLC,
  d/b/a HIPPODROME SERVICES LLC
and DOUGLAS KOPELMAN,

     Defendants.

———————————————————————————


**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S**
**MOTION FOR CONDITIONAL COLLECTIVE CERTIFICATION**

Lee Litigation Group, PLLC
C. K. Lee, Esq. (CL 4086)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs*
*and the Class*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................... iii

II. PRELIMINARY STATEMENT ........................................................................ 1

III. PLAINTIFF'S FLSA COLLECTIVE ACTION CLAIMS ................................ 1

   A. DEFENDANTS FAILED TO COMPENSATE PLAINTIFF AND COVERED EMPLOYEES THEIR PROPER WAGES, INCLUDING OVERTIME, DUE TO TIME-SHAVING ......................................................................................... 2

     i. Defendants Implemented a Policy of Interrupting Employees' Meal Breaks ................. 2

     ii. Defendants Implemented a Policy of Requiring Plaintiff and Covered Employees to Perform Work Off the Clock Pre-Shift and Post-Shift .................................................... 3

   B. DEFENDANTS FAILED TO COMPENSATE PLAINTIFF AND COVERED EMPLOYEES THEIR WAGES, INCLUDING OVERTIME, DUE TO AN ILLEGAL POLICY OF ROUNDING ................................................ 3

IV. PLAINTIFF IS SIMILARLY SITUATED AS TO COVERED EMPLOYEES .................... 4

V. ARGUMENT ..................................................................................................... 6

   A. THE COURT SHOULD CERTIFY THE COLLECTIVE ACTION AND ORDER NOTICE ...................................................................................... 7

     i. The Standard for Conditional Certification and Notice Is Lenient ................................. 7

     ii. The Underlying Merits of the Case are Immaterial to the Determination of Conditional Certification and Notice ................................................................. 9

     iii. Plaintiff Has Made the Modest Factual Showing Required for Conditional Certification ................................................................... 10

   B. EARLY NOTICE TO 'SIMILARLY SITUATED' EMPLOYEES IS APPROPRIATE AND NECESSARY ...................................................... 10

     i. Sending Expedited Notice to "Similarly Situated" Employees Fulfills the FLSA's Broad Remedial Purposes ...................................................... 11

i

C.  DISCOVERY OF NAMES, ADDRESSES AND TELEPHONE NUMBERS IS PROPER AND NECESSARY UNDER § 216(b)............................................................................ 12

D.  DISTRIBUTION OF THE NOTICE BY MAIL, E-MAIL, AND TEXT MESSAGE IS FAIR AND PROPER ......................................................................................... 13

E.  THE PROPOSED NOTICE IS FAIR AND ADEQUATE ................................................ 13

F.  NOTICE SHOULD BE TRANSLATED TO SPANISH................................................... 14

G.  EQUITABLE TOLLING ........................................................................................ 14

VI.  CONCLUSION.......................................................................................................... 15

# TABLE OF AUTHORITIES

## CASES

*Anglada v. Linens 'N Things, Inc.*, No. 06 Civ. 12901, 2007 WL 1552511 (S.D.N.Y. Apr. 26, 2007) ................................................................................................ 7, 10, 12

*Bhumithanarn v. 22 Noodle Mkt. Corp.*, 14-CV-3624, 2015 U.S. Dist. LEXIS 90616, 2015 WL 4240985 (S.D.N.Y. July 13, 2015) ...................................................................... 13

*Braunstein v E. Photographic Labs.*, 600 F.2d 335 (2d Cir. 1978) ............................................ 10

*Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697 (1945) ................................................................ 15

*Cabrera v. Stephens*, 2017 U.S. Dist. LEXIS 160044, 2017 WL 4326511 (E.D.N.Y. 2017) ...... 14

*Canelas v. World Pizza*, 2017 U.S. Dist. LEXIS 50615 (S.D.N.Y. Mar. 31, 2017) ..................... 3

*Chao v. Gotham Registry, Inc.*, 514 F.3d 280 (2d Cir. 2008) ................................................. 15

*Chui v. Am. Yuexianggui of Li LLC,* No. CV 18-5091 (SJF) (AKT), 2020 U.S. Dist. LEXIS 117296 (E.D.N.Y. July 2, 2020) ........................................................................... 13

*Cook v. United States*, 109 F.R.D. 81 (E.D.N.Y. 1985) ........................................................ 11

*Cuzco v. Orion Builders, Inc.*, 477, F. Supp. 2d 628 (S.D.N.Y. 2007) ......................... 6, 8, 12, 14

*D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946) ................................................................ 15

*Dumitrescu v. Mr. Chow Enters., Ltd.*, No. 07 Civ. 3601, 2008 U.S. Dist. LEXIS 49881 (S.D.N.Y. June 30, 2008) .................................................................................... 9

*Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317 (S.D.N.Y. 2007) ...................... passim

*Foster v. Food Emporium*, No. 99 Civ, 3860, 2000 U.S. Dist. LEXIS 6053 (S.D.N.Y. Apr. 26, 2000) ............................................................................................. 11

*Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 91 (S.D.N.Y. 2003) .......... 9, 12, 13

*Gordon v. Kaleida Health*, 299 F.R.D. 380 (W.D.N.Y. 2014) ................................................... 3

*Guevara v. Fine & Rare Operations LLC,* No. 20-CV-5330 (BCM), 2022 U.S. Dist. LEXIS 4833 (S.D.N.Y. Jan. 10, 2022) ................................................................................. 13

*Guzelgurgenli v. Prime Time Specials Inc*., 883 F. Supp. 2d 340 (E.D.N.Y. 2012) ..................... 6

*Hallissey v. Amer. Online, Inc.*, No. 99 Civ. 3785, 2008 U.S. Dist. LEXIS 18387 (S.D.N.Y. Feb. 19, 2008) ............................................................................................. 7

*Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651 (S.D.N.Y. 2013) ............................................... 6

*Harhash v. Infinity West Shoes, Inc.*, No. 10 Civ. 8285, 2011 U.S. Dist. LEXIS 96880 (S.D.N.Y. Aug. 24, 2011) ........................................................................................... 6

*Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249 (S.D.N.Y. 1997) ......................................... 8, 10, 12

*Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) ............................................... 10, 11

*Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363 (S.D.N.Y. 2007) ...................... 7, 8, 11

*Iriarte v. Redwood Deli & Catering, Inc.*, No. 07 Civ. 5062, 2008 WL 2622929 (E.D.N.Y. June 30, 2008) .............................................................................................. 5

*Jason v. Falcon Data Com, Inc*., No. 09 Civ. 03990, 2011 WL 2837488 (E.D.N.Y. 2011) .......... 4

*Jian Wu v. Sushi Nomado of Manhattan, Inc.*, 2019 U.S. Dist. LEXIS 127895 (S.D.N.Y. July 25, 2019) ................................................................................................ 15

*Khalil v. Original Homestead Rest., Inc.*, No. 07 Civ. 695, 2007 U.S. Dist. LEXIS 70372 (S.D.N.Y. Aug. 9, 2007) ...................................................................................... 4, 8

*Khamsiri v. George. & Frank's Japanese Noodle Rest. Inc*., No. 12 Civ. 265, 2012 WL 1981507 (S.D.N.Y. June 1, 2012) ....................................................................................... 5

*Laroque v. Domino's Pizza, LLC*, 557 F. Supp. 2d 346 (E.D.N.Y. 2008) ................................... 9

*Lee v. ABC Carpet Home*, 236 F.R.D. 193 (S.D.N.Y. 2006) ........................................... 8, 12, 13

*Lixin Zhao v. Benihana, Inc.*, No. 01 Civ. 1297, 2001 U.S. Dist. LEXIS 10678 (S.D.N.Y. May 7, 2001) ............................................................................................................. 5, 8

*Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357 (S.D.N.Y. 2007) .................................. 9

*Martin v. Sprint/united Mgmt. Co.*, No. 15 CIV. 5237, 2016 U.S. Dist. LEXIS 352, 2016 WL 30334 (S.D.N.Y. Jan. 4, 2016) ............................................................................. 13

*Masson v. Ecolab, Inc.*, No. 04 Civ. 4488, 2005 U.S. Dist. LEXIS 18022 (S.D.N.Y. Aug. 17, 2005) .................................................................................................................................. 8

*Mazur v. Olek Lejbzon & Co.*, No. 05 Civ. 2194, 2005 WL 3240472 (S.D.N.Y. Nov. 29, 2005) . 8

*Mentor v. Imperial Parking Sys.*, 246 F.R.D. 178 (S.D.N.Y. 2007) ......................................... 7, 9

*Moore v. Eagle Sanitation, Inc.*, 276 F.R.D. 54 (E.D.N.Y. 2011) ............................................... 6

*Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572 (1942) .................................................. 15

*Patton v. Thomson Corp.*, 364 F. Supp. 2d 263 (E.D.N.Y. 2005) ....................................... 11, 12

*Pefanis v. Westway Diner, Inc.*, No. 08 Civ. 0002, 2008 U.S. Dist. LEXIS 81082 (S.D.N.Y Oct. 8, 2008) ................................................................................................................................ 5

*Quiang Lu v. Purple Sushi Inc.*, 447 F. Supp. 3d 89 (S.D.N.Y. 2020) ...................................... 13

*Ramos v. DNC Food Serv. Corp.*, 2020 U.S. Dist. LEXIS 96123 (S.D.N.Y. June 1, 2020) ........ 14

*Realite v. Ark Rests. Corp.*, 7 F. Supp. 2d 303 (S.D.N.Y. 1998) ................................................ 8

*Sanchez v. Gansevoort Mgmt. Grp., Inc.*, No. 12 Civ. 75, 2013 U.S. Dist. LEXIS 9739 (S.D.N.Y. Jan. 10, 2013) ..................................................................................................................... 6

*Sherrill v. Sutherland Global Servs.*, 487 F. Supp. 2d 344 (W.D.N.Y. 2007) ............................ 12

*Sipas v. Sammy's Fishbox, Inc.*, No. 05 Civ. 10319, 2006 U.S. Dist. LEXIS 24318 (S.D.N.Y. Apr. 24, 2006) .................................................................................................................... 4

*Toure v. Cent. Parking Sys. of N.Y.*, No. 05 Civ. 5237, 2007 U.S. Dist. LEXIS 74056 (S.D.N.Y. Sept. 28. 2007) ......................................................................................... 7, 8, 9, 11

*Vasto v. Credico (USA) LLC*, No. 15-CV-9298, 2016 U.S. Dist. LEXIS 60158, 2016 WL 2658172 (S.D.N.Y. May 5, 2016) ......................................................................................... 13

*Winfield v. Citibank, N. Am.*, 843 F. Supp. 2d 397 (S.D.N.Y. 2012). ......................................... 6

*Young v. Cooper Cameron Corp.*, 229 F.R.D. 50 (S.D.N.Y. 2005) ........................................... 10

## STATUTES

29 U.S.C. § 202 ..................................................................................................................... 15

29 U.S.C. § 206 ..................................................................................................................... 15

29 U.S.C. § 207 ..................................................................................................................... 15

29 U.S.C. § 216(b) ...................................................................................................... 8, 11, 13

29 U.S.C. § 255 ..................................................................................................................... 11

29 U.S.C. § 256 ..................................................................................................................... 11

## RULES

Fed. R. Civ. P. 23 .................................................................................................................... 8

## REGULATIONS

29 C.F.R. § 778.223 ................................................................................................................ 2

29 C.F.R. § 785.48 .................................................................................................................. 3

iv

## I.   PRELIMINARY STATEMENT

On July 15, 2022, Plaintiff MARIANNA ZHAO filed a Complaint against Defendants SURGE PRIVATE EQUITY LLC, d/b/a SURGE PRIVATE EQUITY, HIPPODROME SERVICES CORP. d/b/a HIPPODROME SERVICES, HIPPODROME LLC, d/b/a HIPPODROME SERVICES LLC, ("Corporate Defendants") and DOUGLAS KOPELMAN ("Individual Defendant," and together with Corporate Defendants, "Defendants") seeking unpaid wages due to timeshaving, and unpaid wages due to an impermissible policy of rounding, under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiff brought the FLSA claims on behalf of herself and all current and former non-exempt employees (such as dry cleaners, washers, pressers, packers, laundry workers, linen section workers, and ironing workers, among others) employed by Defendants within the last six (6) years ("Covered Employees").

By this motion, Plaintiff seeks the relief detailed in the proposed order attached as **Exhibit 1** to Plaintiff's Notice of Motion.

## II.   PLAINTIFF'S FLSA COLLECTIVE ACTION CLAIMS

From June 2012 to December 1, 2019, Plaintiff MARIANNA ZHAO was employed by Defendants as a dry cleaner at Defendants' commercial laundromat business "Hippodrome" located at 780 East 134th Street, Bronx, NY 10451.  Zhao Decl. ¶ 1. Plaintiff ZHAO was re-hired in or around April 2020, and her employment was terminated on or about June 30, 2020. *Id*.

During Plaintiff's employment with Defendants, as provided in her declaration filed in support of this motion, Plaintiff suffered significant wage and hour violations.  Zhao Decl. ¶¶ 3-20. Plaintiff also personally observed and spoke with other workers employed by Defendants suffering from the same policies. Zhao Decl. ¶¶ 3, 7-9, 11-14, 16-17.  Specifically, Plaintiff and all other non-exempt employees suffered from (i) Defendants' policy of failing to pay proper

1

wages for all hours worked, including the proper overtime thereof, due to Defendants' policy of timeshaving, and (ii) Defendants' policy of failing to pay proper wages for all hours worked, including the proper overtime thereof, due to an impermissible policy of rounding. Zhao Decl. ¶¶ 3-20.

Due to the above common violations, Defendants shaved and rounded compensable time of Plaintiff, and Covered Employees and thus, Defendants owe unpaid wages to all Covered Employees.

### A.   DEFENDANTS FAILED TO COMPENSATE PLAINTIFF AND COVERED EMPLOYEES THEIR PROPER WAGES, INCLUDING OVERTIME, DUE TO TIME-SHAVING

The FLSA requires that employees be compensated for all of their hours worked. 29 C.F.R. § 778.223. Throughout Plaintiff's employment, as provided in their declarations filed in support of this motion, Plaintiff and Covered Employees suffered from Defendants' time shaving policies in two separate forms: (i) Defendants' policy of automatically deducting meal breaks; (ii) Defendants' policy of requiring off-the-clock, pre and post-shift work. Zhao Decl. ¶¶ 6, 10.

### i.   *Defendants Implemented a Policy of Interrupting Employees' Meal Breaks*

Throughout Plaintiff ZHAO's employment, Defendants required employees to clock out for a thirty (30) minute period for a meal break. Zhao Decl. ¶ 6.  However, Plaintiff was generally too busy to take a free and clear meal break and was required to work through her meal breaks. *Id.* Approximately two (2) times per week, Plaintiff's meal break was interrupted because the laundry truck arrived, and Plaintiff would be required to stop what she was doing and help load the laundry truck with clothes. *Id.* Additionally, approximately three (3) times per week, Plaintiff would be too busy to take a meal break. *Id.* On those occasions, Defendants would automatically deduct the thirty (30) minute break from Plaintiff's hours worked. *Id.*

As a result, Plaintiff and Covered Employees were routinely not paid all of their regular and overtime wages for their labor and service provided to Defendants. Zhao Decl. ¶¶ 6-9.

  ii. *Defendants Implemented a Policy of Requiring Plaintiff and Covered Employees to Perform Work Off the Clock Pre-Shift and Post-Shift*

During the course of Plaintiff's employment, Defendants required that all employees arrived fifteen (15) minute prior to the start of their shift. Zhao Decl. ¶ 10. However, Plaintiff and Covered Employees were required to perform work off the clock for that time prior to the start of their scheduled shift, and were not compensated for such work being performed.

Defendants aditionally required that all employees continued to work for at least thirty (30) minutes after they had clocked out of their shift. Zhao Decl. ¶ 10. Similar to the above, Plaintiff and Covered Employees were required to perform work off the clock after their shifts had ended, and were not compesnated for that time worked.

As such, due to their time-shaving policy, Defendants are liable for unpaid wages, including overtime, to Covered Employees.

**B. DEFENDANTS FAILED TO COMPENSATE PLAINTIFF AND COVERED EMPLOYEES THEIR WAGES, INCLUDING OVERTIME, DUE TO AN ILLEGAL POLICY OF ROUNDING**

Pursuant to New York and Federal law, any policy of rounding employee hours that "result[s], over a period of time, in failure to compensate the employees properly for all the time they have actually worked" is in violation of both the FLSA and the NYLL. *See* 29 C.F.R. § 785.48(b); *Gordon v. Kaleida Health*, 299 F.R.D. 380, 405 n.25 (W.D.N.Y. 2014); *see also Canelas v. World Pizza*, 2017 U.S. Dist. LEXIS 50615, at *25 (S.D.N.Y. Mar. 31, 2017).

Here, Defendants detrimentally rounded their employees' hours worked. Zhao Decl. ¶ 15. Plaintiff and Covered Employees all had their clock in and clock out times rounded to the nearest fifteen (15) minute increment, but only to Plaintiff's and Covered Employees' detriment. As a

result of this rounding, Plaintiff and Covered Employees were deprived of wages for hours that they worked.

Therefore, due to Defendants' illegal rounding and timeshaving policies, all employees that worked for Defendants suffered unpaid wages, including overtime, from Defendants' common practices. Because all employees share these claims, a common issue of fact and law exists, and Plaintiff's Motion for Conditional Collective Certification must be granted.

### III.   PLAINTIFF IS SIMILARLY SITUATED AS TO COVERED EMPLOYEES

At all relevant times, Plaintiff ZHAO worked as a dry cleaner throughout her employment with Defendants, however, she was required to assist the other positions as necessary. Zhao Decl. ¶¶ 1, 3.

Based on Plaintiff's personal observations and direct conversations with their co-workers, other workers employed by Defendants similarly suffered from Defendants' common policy of failing to pay proper wages, including overtime, for all hours worked due to Defendants' policy of timeshaving, and impermissible rounding. Zhao Decl. ¶¶ 3-18. As a result of Defendants' policies, Plaintiff and FLSA Collective Plaintiffs are owed their proper wages for all hours worked, including those at the overtime premium for hours worked in excess of forty (40) hours per week. *Id.*

Plaintiff's allegations in the Complaint and Plaintiff's Declaration are sufficient to make a modest factual showing to support conditional certification. *See, e.g.*, *Khalil v. Original Homestead Rest., Inc.*, No. 07 Civ. 695, 2007 U.S. Dist. LEXIS 70372 at *3 (S.D.N.Y. Aug. 9, 2007) (certifying collective action based upon complaint and one affidavit); *Sipas v. Sammy's Fishbox, Inc.*, No. 05 Civ. 10319, 2006 U.S. Dist. LEXIS 24318, at *8 (S.D.N.Y. Apr. 24, 2006) (certifying collective action based upon complaint and affidavits); *Jason v. Falcon Data Com, Inc.*, No. 09 Civ. 03990, 2011 WL 2837488 (E.D.N.Y. 2011) (certifying collective action based upon

complaint and one affidavit); *Lixin Zhao v. Benihana, Inc*., No. 01 Civ. 1297, 2001 U.S. Dist. LEXIS 10678, at *2 (S.D.N.Y. May 7, 2001) (certifying based upon one affidavit founded on plaintiff's "best knowledge").

Plaintiff's Declaration attests to Defendants' common policies of FLSA violations. Plaintiff's own experiences and her knowledge based on her personal observations and conversations with Covered Employees sufficiently support her assertions that Defendants uniformly applied unlawful employment policies and compensation schemes to all Covered Employees. Zhao Decl. ¶¶ 3, 7-9, 11-14, 16-17.

Declarations by themselves should be sufficient because the Court at this point is not to ascertain their reliability, but whether they allege a common policy of violations. Courts in the Second Circuit have regularly granted conditional certification on the same or similar grounds. *See Khamsiri v. George. & Frank's Japanese Noodle Rest. Inc*., No. 12 Civ. 265, 2012 WL 1981507 (S.D.N.Y. June 1, 2012) (granting conditional collective certification based on a single affidavit); *Iriarte v. Redwood Deli & Catering, Inc.*, No. 07 Civ. 5062, 2008 WL 2622929 (E.D.N.Y. June 30, 2008) (conditional collective certification was granted based on only one plaintiff declaration); *Pefanis v. Westway Diner, Inc.*, No. 08 Civ. 0002, 2008 U.S. Dist. LEXIS 81082, at *3–4 (S.D.N.Y Oct. 8, 2008) (granting conditional collective certification in a case with single plaintiff and no opt-ins). Here, Plaintiff has submitted her declaration with specific allegations regarding the manner in which she and Covered Employees were not paid for all their hours worked due to Defendants' timeshaving policy and impermissible policy of rounding.

Plaintiff's allegations are not only supported by her own personal observations, but also by hearsay statements from Plaintiff's co-workers. Zhao Decl. ¶¶ 7-9, 11-14, 16-17. Courts in this Circuit routinely afford weight to hearsay evidence in granting a plaintiff's motion for conditional

certification. *Sanchez v. Gansevoort Mgmt. Grp., Inc*., No. 12 Civ. 75, 2013 U.S. Dist. LEXIS 9739, at *1 (S.D.N.Y. Jan. 10, 2013); *Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 644 (S.D.N.Y. 2013) (citing *Moore v. Eagle Sanitation Inc.*, 276 F.R.D. 54, 59 (E.D.N.Y. 2011)). "Such approach is consistent with the purpose of conditional certification which is only a preliminary determination as to whether there is a sufficient showing to warrant notice being sent to the purported collective class." *Winfield v. Citibank, N. Am.*, 843 F. Supp. 2d 397, 402–03 (S.D.N.Y. 2012). *See also Harhash v. Infinity West Shoes, Inc.*, No. 10 Civ. 8285, 2011 U.S. Dist. LEXIS 96880, at *3–4 (S.D.N.Y. Aug. 24, 2011) (granting conditional class certification in part based on plaintiffs' statements that they had spoken with or knew of other sales employees of defendants' shoe stores that complained of the same compensation policies); *Guzelgurgenli v. Prime Time Specials Inc*., 883 F. Supp. 2d 340, 352 (E.D.N.Y. 2012) (relying on the plaintiffs' allegations that three other delivery drivers for defendants' stores, who were identified only by first name, complained that they too were not paid for overtime hours).

## IV. ARGUMENT

To protect putative collective action members' rights and interests, and to promote judicial economy and effective case management, the Court should approve the distribution of notice to all Covered Employees because the initial pleadings and preliminary evidence show that all Covered Employees are similarly situated. Based on the Complaint and Plaintiff's Declarations in support of this Motion, Plaintiff and Covered Employees worked as non-exempt employees, were similarly situated, and Defendants failed to pay wages for all hours worked due to their timeshaving policy and impermissible policy of rounding. Thus, they "together were victims of a common policy or plan that violated the law." *Cuzco v. Orion Builders, Inc*., 477, F. Supp. 2d 628, 633 (S.D.N.Y. 2007) (internal quotation omitted).

## A.   THE COURT SHOULD CERTIFY THE COLLECTIVE ACTION AND ORDER NOTICE

### i.   *The Standard for Conditional Certification and Notice Is Lenient*

"Courts generally determine the appropriateness of class certification at two stages: first, on the initial motion for conditional class certification, and second, after discovery." *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 321 (S.D.N.Y. 2007). At the first stage, "courts utilize a lenient evidentiary standard in assessing whether the Plaintiff has presented sufficient evidence to demonstrate that a prospective class of member plaintiffs is similarly situated to the named Plaintiff." *Anglada v. Linens 'N Things, Inc.*, No. 06 Civ. 12901, 2007 WL 1552511, at *11 (S.D.N.Y. Apr. 26, 2007); *Mentor v. Imperial Parking Sys.*, 246 F.R.D. 178, 181 (S.D.N.Y. 2007). Under this lenient standard, a court will certify a class as a collective action and order notice to potential class members where "the plaintiff satisfies the minimal burden of showing that the similarly situated requirement is met" based on the pleadings and declarations. *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 367 (S.D.N.Y. 2007) (internal quotation omitted). Upon certification, "[p]otential class members are then notified and provided with the opportunity to opt in to the action." *Id.*

To prevail on a motion for conditional certification, plaintiffs need only make a "modest factual showing" that they "are similarly situated *with respect to their allegations that the law has been violated.*" *Hallissey v. Amer. Online, Inc.*, No. 99 Civ. 3785, 2008 U.S. Dist. LEXIS 18387, at *6 (S.D.N.Y. Feb. 19, 2008) (internal quotation omitted; emphasis in original). Plaintiff must demonstrate that there is a "factual nexus between the [named plaintiff's] situation and the situation of other current and former [employees]." *Toure v. Cent. Parking Sys. of N.Y.*, No. 05 Civ. 5237, 2007 U.S. Dist. LEXIS 74056, at *6 (S.D.N.Y. Sept. 28. 2007) (internal quotation omitted; alterations in original); *see also Mentor*, 246 F.R.D. at 181; *Fasanelli*, 516 F. Supp. 2d at

7

321. Plaintiffs meet their burden where putative collective members "together were victims of a common policy or plan that violated the law[.]" *Lee v. ABC Carpet Home*, 236 F.R.D. 193, 197 (S.D.N.Y. 2006) (internal quotation omitted), such as when they are all "employees of the same restaurant enterprise and allege the same types of FLSA violations." *Fasanelli*, 516 F. Supp. 2d at 322; *see also Toure*, 2007 U.S. Dist., LEXIS 74056, at *6 (stating that a plaintiff need only make a "modest factual showing" of similarity to satisfy the "relatively lenient evidentiary standard"); *Cuzco*, 477 F. Supp. 241 at 632-33 (plaintiff satisfied "minimal burden" by making "modest factual showing"); *Iglesias-Mendoza*, 239 F.R.D. at 367-68 ("[Plaintiffs can satisfy the 'similarly situated' requirement by making a modest factual showing . . . that they and potential plaintiffs together were victims of a common policy or plan that violated the law.") (quoting *Realite v. Ark Rests. Corp.*, 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998)); *Mazur v. Olek Lejbzon & Co.*, No. 05 Civ. 2194, 2005 WL 3240472, at *5 (S.D.N.Y. Nov. 29, 2005) (plaintiffs face only a very limited burden); *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997) ("The burden on plaintiffs is not a stringent one, and the Court need only reach a preliminary determination that potential plaintiffs are "similarly situated.").

Allegations in the pleadings and declarations are sufficient to make this modest factual showing. *See, e.g.*, *Khalil*, No. 07 Civ. 695, 2007 U.S. Dist. LEXIS 70372, at *3 (certifying collective action based upon complaint and one affidavit); *Lixin Zhao*, No. 01 Civ. 1297, 2001 WL 845000, at *2 (certifying based upon one affidavit founded on plaintiff's "best knowledge").

Unlike a Rule 23 class action, a § 216(b) collective action requires no "showing of numerosity, typicality, commonality and representativeness . . . as a pre-requisite to approval." *Mazur*, 2005 WL 3240472, at *4 (internal quotation omitted); *see also Masson v. Ecolab, Inc.*, No. 04 Civ. 4488, 2005 U.S. Dist. LEXIS 18022, at *37 (S.D.N.Y. Aug. 17, 2005). The lenient standard

for certification and notice under § 216(b) is justified because "[t]he ultimate determination regarding the merits of the case, and whether the class is properly situated – which requires a more 'stringent' inquiry – is made later in the litigation process, after more thorough discovery." *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 91, 105 (S.D.N.Y. 2003); *see also Dumitrescu v. Mr. Chow Enters., Ltd.*, No. 07 Civ. 3601, 2008 U.S. Dist. LEXIS 49881, at *11 (S.D.N.Y. June 30, 2008) (noting that after discovery a court "review[s] the collective action certification more rigorously"). Plaintiff in this case has easily met the lenient standard for certification and notice.

>    ii.    *The Underlying Merits of the Case are Immaterial to the Determination of Conditional Certification and Notice*

Although Plaintiff is confident that she will successfully establish that Defendants failed to properly compensate her and the Covered Employees under the FLSA, a discussion of the underlying merits is unnecessary and inappropriate at this time: "the standard in this circuit is clear; the merits of plaintiffs' claim are not at issue in a motion for conditional certification." *Laroque v. Domino's Pizza, LLC*, 557 F. Supp. 2d 346, 354 (E.D.N.Y. 2008); *see also, e.g.*, *Mentor*, 246 F.R.D. at 181 (stating that "the merits of a plaintiff's claims need not be evaluated and discovery need not be completed to approve and disseminate a § 216(b) notice"); *Fasanelli*, 516 F. Supp. 2d at 322 ("To the extent that Defendants['] opposition relies on a detailed factual dispute about whether the Defendants maintained an 'illegal off-the-clock' policy, 'illegal tip retention' policy, or fail to pay the minimum wage, that inquiry is misplaced as those issues go to the merits of the case."); *Toure*, 2007 U.S. Dist. LEXIS 74056, at *6 (stating that at the conditional certification stage "the merits of a plaintiff's claims need not be evaluated"); *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007) ("At this procedural stage, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility

determinations."); *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y. 2005) (finding that "[t]he focus . . . is not on whether there has been an actual violation of law but rather on whether the proposed plaintiffs are 'similarly situated'"); *Hoffmann*, 982 F. Supp. at 262 ("[T]he Court need not evaluate the merits of plaintiffs' claims in order to determine that, a definable group of 'similarly situated' plaintiffs can exist here."). Any merits-based argument "is an improper ground on which to base a denial of a motion to certify conditionally an FLSA collective action[.]" *Anglada*, 2007 U.S. Dist. LEXIS 39105, at *20. Rather, the proper inquiry is merely "whether the putative class alleged by Plaintiff is similarly situated based on the pleadings and any affidavits," *Fasaneilli*, 516 F. Supp. 2d at 321.

  *iii.* *Plaintiff Has Made the Modest Factual Showing Required for Conditional Certification*

Here, Plaintiff has made far more than a modest factual showing that she and Covered Employees are similarly situated. Plaintiff's detailed allegations in the Complaint and Declaration show that all Covered Employees were subject to the same compensation scheme. In her declaration, Plaintiff identifies eight (8) individuals by name who she has observed suffering from and spoken to regarding Defendants' illegal compensation policy. Zhao Decl. ¶¶ 3, 7-9, 11-14, 16-17. As such, if proven, these allegations establish that Defendants maintained illegal policies and practices that similarly affected all Covered Employees employed by Defendants.

## B. EARLY NOTICE TO 'SIMILARLY SITUATED' EMPLOYEES IS APPROPRIATE AND NECESSARY

Collective actions are favored under the law because they benefit the judicial system by enabling the "efficient resolution in one proceeding of common issues of law and fact" and provide employees with the opportunity to "lower individual costs to vindicate rights by the pooling of resources." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989); *Braunstein v E. Photographic Labs.*, 600 F.2d 335, 336 (2d Cir. 1978); *Fasanelli*, 516 F. Supp. 2d at 323. The

alternative, a multitude of virtually identical individual suits, would burden courts unnecessarily and risk inconsistent judgments arising from the same events and brought under the same laws.

### i. Sending Expedited Notice to "Similarly Situated" Employees Fulfills the FLSA's Broad Remedial Purposes

Expedited notice is critical in FLSA actions. Unlike absent class members in a Rule 23 class action, potential class members in an FLSA collective action must affirmatively consent (or "opt-in") to be covered by the suit. 29 U.S.C. § 216(b). The statute of limitations continues to run on each individual's claim until he or she files a written consent form with the Court. 29 U.S.C. §§ 255, 256 (b). To ensure that the rights protected by the FLSA do not grow stale through lack of knowledge, the Supreme Court has held that courts have broad authority to facilitate early notice of the existence of the lawsuit to potential opt in plaintiffs. *Hoffmann-La Roche*, 493 U.S. at 170. Notice to putative class members should be given as soon as possible since, because of the statute of limitations, "potential plaintiffs may be eliminated as each day goes by." *Foster v. Food Emporium*, No. 99 Civ, 3860, 2000 U.S. Dist. LEXIS 6053, at *5 (S.D.N.Y. Apr. 26, 2000); *see also Cook v. United States*, 109 F.R.D. 81, 83 (E.D.N.Y. 1985) ("Certainly, it is unlikely that Congress, having created a procedure for representative action, would have wanted to prevent the class representative from notifying other members of the class that they had a champion.") (internal quotation marks and citation omitted). Thus, early distribution of a notice of pendency is crucial in an FLSA collective action.

The Court need not and should not delay the sending of notice until the completion of discovery. *Toure*, 2007 U.S. Dist. LEXIS 74056, at *8 (ordering notice under 29 U.S.C. § 216(b) where only limited discovery had taken place); *Iglesias-Mendoza*, 239 F.R.D. at 368 ("The court is not obliged to wait for the conclusion of discovery before it certifies the collective action and authorizes notice."); *Patton v. Thomson Corp.*, 364 F. Supp. 2d 263, 267-68 (E.D.N.Y. 2005)

(ordering notice before full discovery in order to "facilitate[] the [FLSA]'s broad remedial purpose . . . promot[e] efficient case management . . . [and] preserve and effectuate the rights of potential plaintiffs whose claims might otherwise become time-barred during the discovery phase of the case") (internal citations omitted); *Hoffmann*, 982 F. Supp. at 262 (ruling that the Court need not "wait for defendant to complete its discovery before authorizing class notice. To the contrary, courts have endorsed the sending of notice early in the proceeding, as a means of facilitating the FLSA's broad remedial purpose and promoting efficient case management"). In lieu of discovery, courts rely upon allegations in a complaint and employee declarations to determine whether plaintiffs and potential opt in collective members are similarly situated. *E.g.*, *Gjurovich*, 282 F. Supp. 2d at 104

### C.  DISCOVERY OF NAMES, ADDRESSES AND TELEPHONE NUMBERS IS PROPER AND NECESSARY UNDER § 216(b)

It is appropriate for courts in collective actions to order the discovery of names and contact information of potential collective members. *E.g., Lee*, 236 F.R.D. at 202; *Fasanelli*, 516 F. Supp. 2d at 323-24; *Cuzco*, 477 F Supp. 2d at 637; *Sherrill v. Sutherland Global Servs.*, 487 F. Supp. 2d 344, 350 (W.D.N.Y. 2007); *Patton*, 364 F. Supp. 2d at 268. "Courts within this Circuit routinely grant plaintiff's motion to compel production of the names and addresses of potentially similarly situated employees who may wish to 'opt-in' to a collective action." *Anglada*, 2007 U.S. Dist. LEXIS 39105, at *22.

Plaintiff therefore requests that, in addition to entering an order granting conditional certification and approving Plaintiff's proposed notice, the Court order Defendants to produce within ten (10) days of its Order a list of all Covered Employees in Excel format who were employed by Defendants at any point in the six (6) years prior to the entry of the Order with the

following information: names, titles, compensation rates, date of employment, last known mailing addresses, email addresses, and all known telephone numbers.

### D.     DISTRIBUTION OF THE NOTICE BY MAIL, E-MAIL, AND TEXT MESSAGE IS FAIR AND PROPER

Courts in the Second Circuit have permitted dissemination of notice by mail, email, and text message "where, as here, the nature of the employer's business facilitated high turnover rate among employees." *Guevara v. Fine & Rare Operations LLC,* No. 20-CV-5330 (BCM), 2022 U.S. Dist. LEXIS 4833, at *33 (S.D.N.Y. Jan. 10, 2022) (permitting plaintiffs' counsel to disseminate the notice two times each by mail, email, and text message during the opt-in period, for a total of six times); *see also Chui v. Am. Yuexianggui of Li LLC,* No. CV 18-5091 (SJF) (AKT), 2020 U.S. Dist. LEXIS 117296, at *28 (E.D.N.Y. July 2, 2020); *Quiang Lu v. Purple Sushi Inc.*, 447 F. Supp. 3d 89, 97 (S.D.N.Y. 2020); *Vasto v. Credico (USA) LLC,* No. 15-CV-9298, 2016 U.S. Dist. LEXIS 60158, 2016 WL 2658172, at *16 (S.D.N.Y. May 5, 2016); *Martin v. Sprint/united Mgmt. Co.*, No. 15 CIV. 5237, 2016 U.S. Dist. LEXIS 352, 2016 WL 30334, at *19 (S.D.N.Y. Jan. 4, 2016); *Bhumithanarn v. 22 Noodle Mkt. Corp.*, 14-CV-3624, 2015 U.S. Dist. LEXIS 90616, 2015 WL 4240985, at *5 (S.D.N.Y. July 13, 2015).

Therefore, Plaintiff respectfully requests that the Court permit Plaintiff to disseminate the Notice by mail, e-mail, and text messages.

### E.     THE PROPOSED NOTICE IS FAIR AND ADEQUATE

Attached hereto as **Exhibit A** is Plaintiff's proposed judicial notice. The proposed notice provides clear instructions on how to opt-in and accurately states the prohibition against retaliation or discrimination for participation in an FLSA action. The Supreme Court specifically left the "content details of a proposed notice under § 216(b) . . . to the broad discretion of the court." *Lee*, 236 F.R.D. at 202; *see also Gjurovich*, 282 F. Supp. 2d at 106. "When exercising its broad

13

discretion to craft appropriate notices in individual cases, District Courts consider the overarching policies of the collective suit provisions" and ensure that putative plaintiffs receive "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Fasanelli*, 516 F. Supp. 2d at 323. The proposed notice achieves the goal of providing potential opt-ins with accurate and timely notice concerning the pendency of the collective action and should be adopted.

### F.   NOTICE SHOULD BE TRANSLATED TO SPANISH

Given that many of the prospective plaintiffs in this case will be native Spanish speakers, Plaintiff believes that the goals of notice would be best served if the final approved notice that is provided to prospective class members also includes a Spanish language version. Sending notices in multiple languages has been approved in other cases in the Second Circuit. *See Cuzco*, 477 F. Supp. 2d at 634.

### G.   EQUITABLE TOLLING

In ruling on the instant Motion, Plaintiff respectfully requests that the applicable FLSA statute of limitations be tolled until such time that Plaintiff is able to send notice to potential opt-in plaintiffs. District Courts in this and other Circuits have increasingly granted a plaintiff's request for equitable tolling to avoid the prejudice to actual or potential opt-in plaintiffs that can arise from the unique procedural posture of these types of cases. *See, e.g.*, *Ramos v. DNC Food Serv. Corp.*, 2020 U.S. Dist. LEXIS 96123, *29 (S.D.N.Y. June 1, 2020)  (finding that "[b]ecause [the certification] motion has been pending for several months . . . equitable tolling through at least until the date of this Opinion & Order is appropriate, and may be appropriate through the date of issuance of the Notice"); *Cabrera v. Stephens*, 2017 U.S. Dist. LEXIS 160044, 2017 WL 4326511, at *7 (E.D.N.Y. 2017) (holding that equitable tolling was appropriate to account for the time period

needed for the court to issue a ruling on the conditional certification motion); *Jian Wu v. Sushi Nomado of Manhattan, Inc.*, 2019 U.S. Dist. LEXIS 127895 (S.D.N.Y. July 25, 2019) (collecting cases). To ensure that collective opt-in plaintiffs' rights and statute of limitations are preserved and not prejudiced, and in light of the Court requiring time to resolve this current motion, equitable tolling is warranted.

## V. CONCLUSION

The FLSA is a "uniquely protective," "remedial" and "humanitarian" statute. *See Chao v. Gotham Registry, Inc.*, 514 F.3d 280, 285 (2d Cir. 2008). An express policy of the FLSA is "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202. The FLSA accordingly establishes a minimum wage, 29 U.S.C. § 206(a), "to secure for the lowest paid segment of the nation's workers a subsistence wage," *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 116 (1946). The FLSA also requires the payment of overtime compensation, 29 U.S.C. § 207, "to remedy the 'evil of overwork' by ensuring workers were adequately compensated for long hours, as well as by applying financial pressure on employers to reduce overtime," *Chao*, 514 F.3d at 285 (quoting *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 576-78 (1942)). When an employer fails to comply with its obligations, the Act requires the employer to provide the statutorily mandated compensation "to insure restoration [of its employees] . . . to [the] minimum standard of well-being" contemplated by the Act. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707(1945). As such, in order to further the legislative intent, class certification in this case must be granted, particularly to protect the rights of immigrant workers who may fear retribution for asserting their rights in this current anti-immigration climate.

Dated: New York, New York                    Respectfully submitted,

      January 6, 2023                    By:    */s/ C.K. Lee*
                                              C.K. Lee, Esq. (CL 4086)
                                              Lee Litigation Group, PLLC
                                              148 West 24th Street, Eighth Floor
                                              New York, NY 10011
                                              Tel: (212) 465-1188
                                              Fax: (212) 465-1181
                                              *Attorneys for Plaintiff, FLSA Collective*
                                              *Plaintiffs and the Class*