UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X
MARIANNA ZHAO, on behalf of herself, FLSA Collective
Plaintiffs, and the Class,

                                                                                   Docket No.: 22-cv-07314

                              Plaintiff,

              -against -

SURGE PRIVATE EQUITY LLC, d/b/a SURGE PRIVATE
EQUITY HIPPODROME SERVICES CORP.
d/b/a HIPPODROME SERVICES HIPPODROME LLC,
d/b/a HIPPODROME SERVICES LLC and DOUGLAS
KOPELMAN,

                            Defendants.
--------------------------------------------------------------------------------X


DEFENDANTS' MEMORANDUM OF LAW SUBMITTED IN OPPOSITION TO
PLAINTIFF'S MOTION FOR CLASS CERTIFICATION


Michael A. D'Auria, Esq.
Milber, Makris, Plousadis & Seiden, LLP
1000 Woodbury Road, Suite 402
Woodbury, NY 11797
T. 516.712.4000
F. 516.712.4013
mdauria@milbermakris.com

## I.  PRELIMINARY STATEMENT

Defendants, SURGE PRIVATE EQUITY LLC ("Surge"), d/b/a SURGE PRIVATE EQUITY HIPPODROME SERVICES CORP. ("Hippodrome") d/b/a HIPPODROME SERVICES HIPPODROME LLC, d/b/a HIPPODROME SERVICES LLC (collectively the "Corporate Defendants") and DOUGLAS KOPELMAN ("Mr. Kopelman") (collectively the "Defendants"), by their attorneys, MILBER MAKRIS PLOUSADIS & SEIDEN, LLP, respectfully submit this memorandum of law in opposition to Plaintiff's pending motion for class certification brought pursuant to Federal Rule of Civil Procedure (Fed. R. Civ. P.") 23. Plaintiff, Marianna Zhao ("Plaintiff"), on behalf of herself and all other persons similarly situated, filed suit on August 26, 2022 seeking: 1) recovery of regular wages and overtime premiums; and 2) penalties for Defendants' alleged failure to maintain and provide accurate wage statements and wage notices. Plaintiffs' claims arise under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") and New York Labor Law §§ 195, 650 et seq. ("NYLL").

Plaintiff falls short of satisfying her burden under 29 U.S.C. § 216(B). Her attempt to establish the existence of "similarly situated" employees is unpersuasive. Plaintiff's reliance on a series of generalized, self-serving and unqualified statements is at odds with controlling precedent. Thus, her argument fails, and this Court should deny her conditional certification motion with prejudice.

## II.  STATEMENT OF FACTS

Defendant Hippodrome operates a commercial laundry company. Defendant Surge purchased Hippodrome from its previous owner in August 2019. Mr. Kopelman is a Partner with Surge and Chief Executive Officer of Hippodrome. Plaintiff worked for Hippodrome as a "cleaner" from June 2012 through December 1, 2019, returning in April 2020 working through her final departure on June 30, 2020. Plaintiff commenced the instant action by Complaint (the "Complaint"), on behalf of herself and all others allegedly similarly situated, purporting Defendants committed time shaving, they did not pay Plaintiff accurate regular wages or overtime premiums and they did not provide accurate wage statements and wage notices in violation of the FLSA and NYLL. *See* ECF Doc. No. 1.

On November 3, 2022, Defendants filed their Answer to the Complaint. *See* ECF Doc. No. 14. Defendants deny all allegations and further deny potential "opt-in" plaintiffs were not accurately compensated for all wages owed.

Plaintiff filed the now pending motion seeking conditional certification on January 6, 2023 (the "Motion"). *See* ECF Doc. No. 21 – 24. Plaintiff claims to possess personal knowledge that "co-workers" were not accurately compensated based on unsubstantiated "observations and conversations." *See* Motion Memorandum of Law at p. 4. As chronicled below, Plaintiff's claims are disingenuous. Plaintiff initiates the instant motion before any formal discovery has been conducted, including Plaintiff's own contemporaneous and self-generated time records and wage statements. Plaintiff's Motion warrants dismissal because she fails to establish purported class members are similarly situated.

For the reasons provided *infra*, Plaintiff's Motion fails and should be dismissed, or, alternatively, the parties should be referred to mediation through the Court's alternative dispute resolution program.

### III.     ARGUMENT

### POINT I

**Legal Standard**

The FLSA provides, in pertinent part, that:

"[a]n action… may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."

*See* U.S.C. § 216(b).

The statute of limitations runs with respect to each potential plaintiff's collection action claim until that plaintiff filed the written consent form, opting into the suit. *See Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 198-99 (S.D.N.Y. 2006). The purpose of 29 U.S.C. § 216(b) is to allow for an early and orderly prosecution of the action by advising all potential class members of the pendency of the action and the basic nature of the class claims. "In particular, early notice will help preserve and effectuate the rights of potential Plaintiffs whose claims might otherwise become time-barred during the discovery phase of the case." *Patton v. Thompson Corp.*, 364 F.Supp.2d 263, 268 (E.D.N.Y. 2005).

Certification of a collective action is analyzed through a two-step process. The first step, conditional certification, is generally completed prior to the commencement of any significant discovery. *See Valerio v. RNC Industries LLC*, 314 F.R.D. 61 (E.D.N.Y. 2016). Once a court conditionally certifies a collective action, it may then facilitate notice to all of the putative class members by approving a notice form. *Summa v. Hofstra University*, 715 F.Supp.2d 378 at *383 (E.D.N.Y. 2010).

District Courts have discretion to facilitate notice at the conditional certification stage. *See Barry v. S.E.B. Service of New York, et al.*, 2013 WL 6150718 at *3 (E.D.N.Y. 2013). The Second Circuit has stated, "[t]he court mak[es] an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named Plaintiffs with respect to whether a FLSA violation has occurred." *Myers v. Hertz Corp*, 624 F.3d 537, 555 (2d Cir. 2010). Plaintiffs can only establish that potential opt-ins are "similarly situated" by making a modest factual showing that the named plaintiffs and potential opt-ins "together were victims of a common policy of plan that violated the law." *Id.* at 555, (citing *Hoffman v. Sbarro, Inc.*, 982 F.Supp.249, 261 (S.D.N.Y. 1997)). This modest factual showing, although a low standard, must determine whether "similarly

2

situated" plaintiffs actually exist. *Id.* at *555. Here, there exists no common policy or plan – let alone one which violates the law.

The FLSA does not define the term "similarly situated." Courts generally require "that there be a factual nexus between the claims of the named plaintiff and those who have chosen [or might potentially choose] to opt-in to the action." *Summa*, 715 F.Supp.2d 378 at *385. At the initial stage, the relevant issue is not whether the named plaintiff and potential opt-in plaintiffs are identical in all respects, but, rather, whether they all allegedly were subject to a common employment policy that violated the FLSA. *Jenkins v. TJX Companies, Inc.*, 853 F.Supp.2d 317 (E.D.N.Y. 2012). Traditionally, plaintiffs are able to meet this burden by making "a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or place that violated the law." *Id.* at *321.

However, certification is not foregone. *See Ahmed v. T.J. Maxx Corp.*, 103 F.Supp.3d 343 (E.D.N.Y. 2015) (affirming the denial of conditional certification at the first stage). Plaintiff's factual showing cannot be satisfied by unsupported assertions or conclusory allegations. *See Myers*, 624 F.3d 537 (2d Cir. 2010); *Morales v. Plantworks, Inc.* 2006 WL 278154 (S.D.N.Y. 2006). Courts in this Circuit now scrutinize circumstances, like here, where Plaintiff's application for certification is based on a single, self-serving statement. When statements made by plaintiffs are deemed "conclusory where they fail to identify particular employees or make specific allegations" courts have denied certification and required the parties to undergo discovery before permitting plaintiffs to renew their motion. So, premature motions for certification have been resolved by requiring all parties to conduct thorough discovery. Here, Defendants establish the content of Plaintiff's generalized Complaint and that of her affidavit, absent more, do not rise to the level of even the called-for modest factual showing.

## POINT II

### THE PURPORTED CLASS MEMBERS ARE NOT SIMILARLY SITUATED

In the first stage, "the court makes an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation occurred." *Barry v. S.E.B. Serv. Of New York, Inc.*, 2013 WL 6150718 at *3 (E.D.N.Y. 2013) (citing *Myers*, 624 F.3d 537, 555 (2d Cir. 2010). "Plaintiffs can establish that potential opt-ins are similarly situated by making a modest factual showing that [the named plaintiffs] and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law." *Barry*, 2013 WL 6150718 at *3 (internal citations and quotations omitted).

"The modest factual showing cannot be satisfied by unsupported assertions, but it should remain a low standard of proof because the purpose of this first stage is merely to determine whether 'similarly situated' plaintiffs do in fact exist." *Id.* Indeed, there must be an "identifiable nexus which binds the named plaintiffs, and potential class members together as victims of a particular practice." *Jenkins*, 853 F.Supp.2d 317 (E.D.N.Y. 2012).

3

For conditional certification, a plaintiff's affidavit must provide specific factual support demonstrating that the alleged violations extend beyond his own circumstances. *Levinson v. Primedia Inc.*, 2003 WL 22533428, at *2 (S.D.N.Y. Nov. 6, 2003) (certification denied where plaintiffs failed to "provide a factual showing that extend[ed] beyond their own circumstances."). In other words, he/she must show a factual nexus between himself/herself and those he/she seeks to include in the collective. *See Ali v. New York City Health & Hosps. Corp.*, 2013 WL 1245543, at *2 (S.D.N.Y. Mar. 27, 2013) ("the Court must find some identifiable factual nexus which binds the named plaintiffs and potential class members together as victims of a particular practice.") (*quoting Jenkins*, 853 F. Supp. 2d 317, 321).

While Plaintiff's standard of proof at this stage is low, Plaintiff cannot meet her burden relying solely on unsupported assertions. *Cunningham v. Elec Data Sys. Corp.*, 754 F. Supp. 2d 638, 644 (S.D.N.Y. 2010), *citing Myers*, 624 F.3d 537, 555 (certification requires more than unsupported assertions). Where a conditional certification motion is based on one affidavit of a single employee who performed a single job function, the level of detail in that affidavit "becomes particularly important in evaluating the sufficiency of the plaintiff's showing." *Gomez v. Kitchenette 123 Inc.*, 2017 WL 4326071, at *4 (S.D.N.Y. Sept. 5, 2017); *see Mata v. Foodbridge LLC*, 2015 WL 3457293, at *3 (S.D.N.Y. June 1, 2015).

In *Reyes Cruz v. 70-30 Austin St. Bakery Inc.*, the Court denied plaintiff's motion for a collective certification because plaintiff failed to provide sufficient details regarding his conversations with other employees. 2019 WL 1929910, at *6 (S.D.N.Y. May 1, 2019). The Plaintiff in *Reyes Cruz* did not provide "what the other employees were paid, what specific hours they worked or any other underlying details and offers only the conclusory assertion that the other employees were not paid overtime." *Id*. Plaintiff stated he and his co-workers frequently complained about working long hours beyond forty hours per workweek, and their schedules regularly exceeded ten hours in duration. *Id*. at *5. Plaintiff and his co-workers also complained about defendants' unfair pay policies on their way home from work, and they felt the defendants were not paying them enough for all their work. *Id*. In addition, based on his observations and conversations, plaintiff stated he and other non-managerial employees were not paid enough because of defendants' policy of paying fixed weekly rates. *Id*. Despite plaintiff's declaration, the court ruled plaintiff did not provide sufficient detail to meet the standard for conditional certification. *Id*. at * 6.

In *Shanfa Li v. Chinatown Take-Out Inc.*, 2018 WL 1027161, at *4 (S.D.N.Y. Feb. 21, 2018), the Court denied plaintiffs' application for collective certification, despite plaintiffs submitting two affidavits in support of their motion. "Neither affidavit, however, contain[ed] 'substantial allegations' demonstrating a 'factual nexus' between named Plaintiffs and the potential opt-in plaintiffs." *Shanfa Li*, 2018 WL 1027161, at *4 (*quoting Diaz v. S & H Bondi's Dep't Store*, 2012 WL 137460, at *3 (S.D.N.Y. Jan. 18, 2012)). Specifically, nothing in either of the affidavits concerned the hours or wages of the other employees. *Id*. The court found plaintiffs' assertion insufficient, even though one plaintiff claimed in his affidavit that he knew that other employees "were underpaid because [he] had conversations about pay with one of the previous bosses" who told him that he received complaints from other employees, as well. *Id*. Plaintiff further asserted he knew "other employees were underpaid, without describing" who they were, what their base pay was, or what position they held. *Id*., at *5.

4

Here, Plaintiff fails to meet this standard of proof. Plaintiff argues she and other potential class members are "similarly situated" because she has knowledge of both the hours worked and job responsibilities of coworkers who were also employed by Defendants as cleaners, but also several other unrelated positions, during the relevant time period. Specifically, Plaintiff identifies "Hilda [Last Name Unknown]," "Francisca [LNU]," "Sonia [LNU]," "Rosa [LNU]," "Olivia [LNU]," "Amelia [LNU]," "Susana [LNU]," and "Teresa [LNU]." *See* Zhao Decl at ¶ 3. Plaintiff claims she knows other coworkers were not paid accurate wages. *Id.* Plaintiff purportedly knows this because she had "personal observations and conversations with co-workers." *Id.* Dubiously, Plaintiff is unable to provide the last names of the supposed individuals she held such intimate conversations with.

Plaintiff's claims are fiction. Plaintiff presents these purported facts *via* a few self-serving statements in her affidavit. Plaintiff provides nothing by way of substantive corroboration from any of her alleged peers. Plaintiff is not "similarly situated" to these individuals. First, Plaintiff's inability to list the entire name and/or surname for each of the alleged potential class members is conspicuous. Additionally, Plaintiff's blanket, conclusory statements regarding work hours and job responsibilities further (and unnecessarily) complicate the Court's analysis. For instance, Plaintiff analogizes the job responsibilities of potential class members to that of her own by referencing vague conversations with colleagues lacking context. *See* Zhao Decl. at ¶¶ 7-17. This comparison is imprecise, and such a practice is improper.

Generalizations like those asserted in the instant action are legally insufficient to establish the "similarly situated" requirement for certification. *Silva v. Calle 8, LLC*, 2013 WL 6330848 at *3 (E.D.N.Y. 2013) (citing *Morales*, 2006 WL 278154 (S.D.N.Y. 2006)). The Courts in *Silva* and *Morales* found conclusory allegations that simply purported potential class members were similarly situated and that they all were denied minimum wage and overtime compensation while working for the defendants did not meet the minimal requirement for certification and that it "offered nothing of evidentiary value." *Id.* at 3. Thus, merely stating a number of employees are "similarly situated" because they were allegedly denied wages and Plaintiff knew this because of "personal" observations and conversations is insufficient to meet the requirement for certification. Zhao Decl. at ¶ 3. Further, the failure to provide affidavits from other employees coupled with conclusory statements in their own declarations can undermine a plaintiff's claim of a common policy of violating wage laws. *See Guan Ming Lin v. Benihana Nat'L Corp.*, 755 F. Supp. 2d 504, 510 (S.D.N.Y. 2010).

Conspicuously, Plaintiff fails to provide specific details about her claimed observations and discussions, including, amongst other critical components: 1) specifically when they occurred beyond a generalized month and year; 2) how often they occurred; or 3) specific details about what was discussed or observed outside contrived generalizations. Accordingly, these references do not support Plaintiff's contention she is (or was) in any way similarly situated to other employees. *Ji v. Jling Inc.*, 2016 WL 2939154 (E.D.N.Y. 2016) (*citing Sanchez v. JMP ventures, L.L.C.*, 2014 WL 465542 at *2 (S.D.N.Y. 2014)) (information about "where or when these observations or conversations occurred… is critical in order for the Court to determine the appropriate scope of the proposed class and notice process"); *See also Fernandez v. Sharp Mgmt. Corp.*, 2016 WL 5940918 at *3 (S.D.N.Y. 2016) (denying certification where plaintiffs failed to allege factual support to substantiate their claim that other employees were subject to the same unlawful

5

compensation practices); *Ikikhueme v. CulinArt, Inc.*, 2013 WL 2395020 at *2 (S.D.N.Y. 2013) (declining to consider plaintiff's "unsupported allegation" regarding other employees).

Simply stating the alleged potential class members are "similarly situated" because Plaintiff made observations and claims to have engaged in conversations with unidentified individuals are generalizations which should preclude certification. Thus, Plaintiff's motion to certify must be denied.

## POINT III

## PLAINTIFF'S PROPOSED CLASS IS OVER BROAD

### A.  If At All, the Collective Notice Should Only Be Sent to Cleaners

Plaintiff seeks the broadest possible class. But Plaintiff, a cleaner, fails to show the class should include "all current and former non-exempt employees (such as dry cleaners, washers, pressers, packers, laundry workers, linen section workers, and ironing workers…)" Plaintiff fails to set forth concrete facts showing a common scheme or plan of wage and hour violations for all employees proposed to be certified. In the absence of specific facts or evidence, any class should be limited to her position only.

Plaintiff bears the burden of proving all putative class members were victims of Defendants' alleged improper employment practices. *See e.g. She Jian Guo v. Tommy's Sushi Inc.*, 2014 WL 5314822, at *3 (Court denied request for class of "all of those hourly paid, non-managerial employees of the defendants, including but not limited to chefs, waiters, kitchen workers, dishwashers, and delivery persons or any other equivalent employee" who has worked at Oriental Cafe at any time in the past three years and has suffered a violation of the FLSA or NYLL."). Applications for collective certification cannot rely on "vague, conclusory, and unsupported assertions." *Id*. Absence of allegations regarding, for example, "the specific hours worked by, or the amounts paid to, other employees", applicants fail to bear the burden of proving a collective action certification. *Id*.

Courts in the Southern District of New York require applicants to establish a "job-specific factual showing" to include employees in other positions in the certification. *Yap v. Mooncake Foods, Inc.*, 146 F. Supp. 3d 552, 565 (S.D.N.Y. 2015). In *Garcia v. Spectrum of Creations Inc.*, the Court limited the certification only to employees who performed plaintiffs' specific job positions, as plaintiffs did not provide information about employees with other job functions. 2015 WL 2078222, at *7 (S.D.N.Y. May 4, 2015).

In *Mata v. Foodbridge LLC*, plaintiff, a pizza counterperson, sought to certify a class comprised of "cooks, line-cooks, food preparers, dishwashers, delivery persons, counter persons, and cashiers employed by [d]efendants within the last six years." *Mata*, 2015 WL 3457293, at *3. Even though plaintiff's declaration listed the names and titles of seventeen coworkers that he allegedly observed doing the same or similar work, "he included no concrete facts evidencing a common scheme or plan of wage and hour violations for employees engaged in different job functions." *Id.* In the absence of factual support demonstrating a common scheme or plan,

6

plaintiff's motion failed. *Id.*; *see also Tapia-Castrejon v. Sahara E. Rest. Corp.*, No. 14CV8080, 2015 WL 5022654, at *2 (S.D.N.Y. Aug. 18, 2015) (Motion denied where plaintiff failed "to provide concrete facts 'demonstrating knowledge of a common scheme impacting the diverse array of employees' he [sought] to include in his proposed class.") (*quoting Mata*, 2015 WL 3457293, at *3.); *Boice v. M+W U.S., Inc.*, No. 1:14-CV-0505 (GTS)(CFH), 2015 WL 5316115, at *13 (N.D.N.Y. Sept. 11, 2015) (same).

Plaintiff cannot show there is a common scheme or plan of wage and hour violations for washers, pressers, packers, laundry workers, linen section workers, ironing workers and cleaners because Plaintiff did not provide any information about them other than a few names in her Declaration. *See Garcia* 102 F. Supp. 3d at 550. Beyond conclusory assertions, Plaintiff fails to offer any details showing employees other than those in her position were part of a common policy that violated the FLSA and NYLL. Cleverly, Plaintiff attempts to paint her Declaration as a "catch-all" in that the employees referenced therein occupied several positions. *See* Zhao Decl. at ¶ 3. This assertion is both factually false and misleading. Employees for Hippodrome were in specific positions and there was no crossover between jobs. These allegations are not sufficient to meet the burden to certify other employees. *Campos v. Lenmar Restaurant Inc.*, 2019 WL 6210814 at *4 (S.D.N.Y. 2019).

### B.  The Collective Notice, if Any, Should Be Limited to a 3-Year Period

In addition to seeking to conditionally certify an overly broad class, Plaintiff asks to include individuals employed over the past *six years*. This is far beyond the federal statute of limitations. The FLSA's statute of limitations limits claims to three years. *See* 29 U.S.C.A. § 255(a). Plaintiff's motion for a conditional certification, made pursuant to federal law, should comport with the applicable federal statute of limitation.

Federal courts consistently limit the notice period to three years. *See, e.g.*, *Garcia v. Chipotle Mexican Grill, Inc.*, 2016 WL 6561302, at *9 (S.D.N.Y. Nov. 4, 2016) (three year notice period); *Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 668 (S.D.N.Y. 2013) (same); *Lujan v. Cabana Mgmt., Inc.,* 2011 WL 317984, at *9 (E.D.N.Y. Feb. 1, 2011) (same); *McBeth v. Gabrielli Truck Sales, Ltd.,* 768 F.Supp.2d 396, 400 (E.D.N.Y.2011) (collecting cases). In *LeGrand v. Educ. Mgmt. Corp.*, 2004 WL 1962076, at *3, n. 2 (S.D.N.Y. Sept. 2, 2004), the court held:

> The longest applicable limitations period to plaintiffs' FLSA claim is three years if willful violations are established. 29 U.S.C. § 255(a). Thus, any potential plaintiff whose claim is more than three years old has a state law claim only. In the absence of diversity and a claim for damages in excess of $75,000 (which seems unlikely), the Court would have no subject matter jurisdiction over claims that are more than three years old since such claims would be pure state law claims. There is no reason to provide an opt-in notice to a plaintiff whose claims could not be asserted in this Court.

Plaintiff seeks to certify a class under the NYLL. There is no reason to cut any procedural corners, or to notify employees about a claim that they cannot participate in. *See Lujan v. Cabana Mgmt., Inc.*, 2011 WL 317984, at *9 (E.D.N.Y. Feb. 1, 2011) ("The purpose of the instant motion

is to notify and inform those eligible to opt in to the collective action, and time-barred former employees may not do so."); *Ramos v. PJJK Rest. Corp.*, 2016 WL 1106373, at *5 (S.D.N.Y. Mar. 10, 2016) ("plaintiffs have not moved to certify a class under the NYLL ... [and] do not explain how efficiency or judicial economy are enhanced if the collective action notice includes a six-year limitations period for NYLL claims that have not received class certification"); *Garcia v. Spectrum of Creations Inc.*, 102 F.Supp.3d 541, 551 (S.D.N.Y.2015) ("If a class is certified under New York law, class members will receive notice at that time through the class action notification process.").

As a result, if the Court grants Plaintiff's motion for conditional certification, which we argue it should not, the notice period should be limited to three years.

## IV.   **CONCLUSION**

Defendants respectfully request the Court deny Plaintiff's Motion in its entirety, together with such additional and further relief as the Court deems just, equitable, and proper.

Mere pronouncements about a common "scheme" are insufficient to warrant conditional certification. While Plaintiff may believe such a construct exists, the fact remains the documentation, including Plaintiff's own contemporaneous, self-generated time records and wage statements, contradict this. Alternatively, Defendants seek referral to the Court's mediation program through its alternative dispute resolution department to seek a timely resolution of this matter. We look forward to expounding upon this submission further with the Court.

Dated: Woodbury, New York
        January 20, 2023

                                        MILBER MAKRIS PLOUSADIS
                                         & SEIDEN, LLP

                                        *Michael A. D'Auria*
                                        Michael A. D'Auria, Esq.
                                        Attorneys for Defendants
                                        SURGE PRIVATE EQUITY LLC, d/b/a
                                        SURGE PRIVATE EQUITY
                                        HIPPODROME SERVICES CORP.
                                        d/b/a HIPPODROME SERVICES
                                        HIPPODROME LLC, d/b/a HIPPODROME
                                        SERVICES LLC and DOUGLAS
                                        KOPELMAN
                                        1000 Woodbury Road, Suite 402
                                        Woodbury, New York 11797
                                        Telephone: (516) 712-4000
                                        Facsimile: (516) 712-4013
                                        Our File No.: 420-23137

TO:    C.K. Lee, Esq.

LEE Litigation Group, PLLC
Attorneys for Plaintiff
148 West 24th Street, Eighth Floor
New York, NY 10011
P.: 212-465-1188
F.: 212-465-1181
cklee@leelitigation.com