UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARIANNA ZHAO, *on behalf of herself, FLSA Collective Plaintiffs, and the Class*,

        Plaintiff,

v.

SURGE PRIVATE EQUITY LLC,
    d/b/a SURGE PRIVATE EQUITY
HIPPODROME SERVICES CORP.
    d/b/a HIPPODROME SERVICES
HIPPODROME LLC,
    d/b/a HIPPODROME SERVICES LLC
and DOUGLAS KOPELMAN,

        Defendants.

Case No.: 1:22-cv-07314

---

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR CONDITIONAL COLLECTIVE CERTIFICATION**

Lee Litigation Group, PLLC
C. K. Lee, Esq. (CL 4086)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff,
FLSA Collective Plaintiffs
and the Class*

## I. PRELIMINARY STATEMENT

As a preliminary matter, Defendants have failed to abide by Judge Failla's Individual Rules 4.B. and Local Civil Rule 11.1, which requires that "[a]ll memoranda of law shall be in 12-point font or larger, double-spaced, and text-searchable. Memoranda of 10 pages or more shall contain a table of contents and a table of authorities, neither of which shall count against the page limit". Defendants' memorandum of law clearly fails to abide by these procedural requirements, as it is a single-spaced memorandum of law instead of double-spaced. Furthermore, were the memorandum properly formatted, it would clearly exceed the ten (10) page requirement, triggering the requirement for a table of contents and a table of authorities, both which are conspicuously missing from Defendants' memorandum. Plaintiff requests that Defendants' opposition be invalidated in its entirety for failure to comply with the Court's protocols and rules.

Notwithstanding the foregoing, and contrary to Defendants' assertions, Plaintiff has made a sufficient showing that she and all other non-exempt employees of Defendants are similarly situated. At this stage, Plaintiff only needs to make a "*modest factual showing*," that *there are other* (not necessarily *all* other) employees who "*may be*" similarly situated. *See Moore v. Publicis Groupe SA*, 2012 WL 2574742, at *9 (S.D.N.Y. June 28, 2012) (emphasis added) (citing *Myers v. Hertz Corp.,* 624 F.3d 537, 555 (2d Cir. 2010)). Not until "after the opt-in period has ended and the court is able to examine whether the actual plaintiffs brought into this case are similarly situated," can the Court make a conclusive determination as to whether other employees are similarly situated to Plaintiff. *Gortat v. Capala Bros., Inc.*, 2010 WL 1423018, at *10 (E.D.N.Y. Apr. 9, 2010). As such, the Court should certify this motion, and approve Plaintiff's proposed notice.

## II.  ARGUMENT

The distribution of notice to all putative opt-in plaintiffs should be ordered as the initial pleadings and preliminary evidence demonstrate that all putative opt-in plaintiffs are "victims of a common policy or plan that violated the law." *Cuzco v. Orion Builders, Inc.*, 477, F. Supp. 2d 628, 633 (S.D.N.Y. 2007) (internal quotation omitted).

In *Scott v. Chipotle Mexican Grill*, the court reaffirmed the current standard at the collective certification stage, and stated that even the current majority approach sets a lower bar to a collective certification than is often seen with joinder under Rule 20 and Rule 42. 954 F.3d 502, 515 (2d Cir. 2020) ("the FLSA not only imposes a lower bar than Rule 23, it imposes a bar lower in some sense even than Rules 20 and 42").  Moreover, the case reaffirms that, unlike in motions for class certification under Rule 23, "**dissimilarities in other respects should not defeat collective treatment.**"  *Scott,* 954 F.3d at 515 (emphasis added).

Based on the Complaint, Plaintiff's declaration, the motion, and memorandum, Defendants applied the following wrongful employment policies. First, Defendants practiced a policy of timeshaving by: (i) requiring Plaintiff and putative opt-in plaintiffs to clock out for a meal break, interrupting them during their break, and requiring them to get back to work off the clock, (ii) requiring Plaintiff and putative opt-in plaintiffs perform work off the clock prior to their shift starting, and requiring Plaintiff and putative opt-in plaintiffs to perform work off the clock after their shift had ended and they had clocked out. Secondly, Defendants violated the FLSA by illegally rounding Plaintiff and putative opt-in plaintiffs' hours down to their detriment only.

Therefore, Plaintiff ZHAO, through her allegations in the Complaint and the Declaration produced alongside their Motion, have met the low standard of proof to certify a conditional class of non-exempt employees.

### A. Plaintiff Has Made a Modest Factual Showing to Support that Plaintiff is Similarly Situated to All Non-Exempt Employees

To obtain conditional certification, Plaintiff bears the burden to make a threshold showing that they are "similarly situated" to putative class members. *See Zheng v. Good Fortune Supermarket Group (USA), Inc.,* 2013 WL 5132023, at *4 (E.D.N.Y. Sept. 12, 2013). Because the "two-step" method is adopted for FLSA collective actions, the Second Circuit specifically cautioned that the standard for the first step of certification "should remain a low standard of proof because <u>the purpose of this first stage is merely to determine *whether* 'similarly situated' plaintiffs do in fact exist</u>," *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010). Courts have repeatedly held that this burden is "minimal." *See Sobczak v AWL Indus.*, 540 F. Supp. 2d 354, 362 (E.D.N.Y. 2007); *Cuzco v. Orion Builders, Inc.*, 477 F. Supp. 2d 628, 632 (S.D.N.Y. 2007). Accordingly, the only issue for the Court to consider is "whether the plaintiffs have made an adequate factual showing to support an **inference** that such a uniform policy or practice exists, and whether the locations share common ownership or management." *Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 662 (S.D.N.Y. 2013) (emphasis added). The low burden of conditional collective certification requires plaintiffs to show only that there was a "<u>sufficient indicia of the possibility</u> of a common policy or plan." *Khamsiri v. George & Frank's Japanese Noodle Rest. Inc.*, 2012 U.S. Dist. LEXIS 76660, at *3 (S.D.N.Y. June 1, 2012) (emphasis added).

In their Opposition, Defendants cite to *Reyes Cruz v. 70-30 Austin St. Baker Inc.* in an attempt to show that Plaintiff's Declaration fails to provide sufficient details to satisfy the 216(b) standard. 2019 WL 1929910, at *6 (S.D.N.Y. May 1, 2019). In *Reyes*, the sole plaintiff alleged that he was not paid for any overtime premiums and failed to reference any specific conversations with specific co-workers. However, *Reyes* can easily be distinguished from the matter at hand. In the instant litigation, Plaintiff ZHAO has provided a declaration specifically identifying eight (8)

3

individuals who, worked in various positions at Defendants business, and whom Plaintiff had conversations with and observed suffering from Defendants policies. *See* Declaration of Marianna Zhao ("Zhao Decl.") ¶ 3 [Dkt. No. 24]. Plaintiff ZHAO further narrows down and specifically references conversations she had with various combinations of the eight (8) identified individuals about Defendants illegal wage policies. Zhao Decl. ¶¶ 7-9, 11-14, 16-17.

Furthermore, the claim to be certified in *Reyes* was a claim of unpaid overtime premiums. 2019 U.S. Dist. LEXIS 73666, at *1. As a result, the *Reyes* plaintiff's failure to include information regarding co-workers hours worked and schedule is fatal, as that information is required to determine whether these individuals he spoke to even suffered from unpaid overtime premiums. For example, when the Reyes plaintiff recalls only one conversation he had which was: "everyone [was] unhappy about the long shifts", it makes sense that the Court is unable to determine whether this can relate back to the claims of unpaid overtime premiums, as working long shifts does not necessitate working over forty (40) hours. 2019 U.S. Dist. LEXIS 73666, at *13.

However, when Plaintiff ZHAO references that her co-workers Hilda and Sonia would complain to her "about how infuriating it was that we were required to perform this off the clock work in the sweltering summer heat and not only did we not get any extra benefits for working in these conditions, but in fact we would not get even get paid this work" it is clear that the relevant information is being conveyed to show that they too suffered from performing unpaid work off the clock, and the level of detail and relevance in the declaration of Plaintiff ZHAO can be distinguished from that in *Reyes*. Zhao Decl. ¶ 11; *see also* Zhao Decl. ¶¶ 7-9, 12-14, 16-17.

Defendants next cite to *Shanfa Li v. Chinatown Take-Out Inc.*, in an attempt to paint Plaintiff's Declaration as inadequate. 2018 U.S. Dist. LEXIS 28693, at *9 (S.D.N.Y. Feb. 21, 2018). However, this case can easily be distinguished from the matter at hand. Just as in *Reyes*,

4

the claim being certified in *Shanfa Li* was unpaid overtime for hours worked in excess of forty (40). 2018 U.S. Dist. LEXIS 28693, at *9. Just like in *Reyes*, "who [the other employees] are, what their base salary is, whether they are [fry woks or miscellaneous workers]," … "or whether they work enough to qualify for overtime compensation" are necessary to make a determination on whether they were not paid their proper overtime. *Shanfa Li* 2018 U.S. Dist. LEXIS 28693, at *12(internal citations omitted). However, the *Shanfa Li* plaintiffs' declarations failed to contain any of that information, with only one declaration referencing one instance of discussing underpayments, and that pales in comparison to the numerous details Plaintiff ZHAO has provided. *Id*.

The matter at hand can be distinguished from *Shanfa Li* because declarations utilized in *Shanfa Li* are not comparable to the level of information provided by Plaintiff ZHAO in her declaration. Unlike the plaintiff in *Shanfa Li*, Plaintiff ZHAO in the instant litigation has provided specific information as to conversations with her co-workers, Hilda, Francisca, Sonia, Rosa, Olivia, Amelia, Teresa and Susana, relating to how they all suffered from Defendants' policy of timeshaving and rounding. Zhao Decl. ¶¶ 7-9, 11-14, 16-17. These conversations are already more specific than the plaintiffs in *Shanfa Li* and can point towards the "factual nexus" between Plaintiff ZHAO and the potential opt-in plaintiffs. Therefore, the instant matter can be distinguished from *Shanfa Li,* as Plaintiff ZHAO in the instant matter has provided far more specific and detailed conversations.

For conditional certification, factual showings to show that a plaintiff is similarly situated "can include the names of similarly situated employees, their job titles, as well as information as to their duties and the hours they worked … courts have required details about these observations and conversations, such as where and when they occurred and the names of the employees

5

involved." *Benavides v. Serenity Spa NY Inc.,* 166 F. Supp. 3d 474, 481-82 (S.D.N.Y. 2016) (citation omitted). "The fact that the employees held different positions does not prevent conditional collective action certification because courts in this Circuit 'routinely find employees similarly situated despite not occupying the same positions or performing the same job functions and in the same locations, provided that they are subject to a common unlawful policy or practice.'" *Benavides* 166 F. Supp. 3d at 483 (citing *Guaman v. 5 "M" Corp.*, No. 13-CV-03820 (LGS), 2013 U.S. Dist. LEXIS 152379, 2013 WL 5745905, at *4 (S.D.N.Y. Oct. 23, 2013)).

Despite Defendants arguments to the contrary, Plaintiff has satisfied these requirements by producing a declaration identifying eight (8) other individuals who worked at different positions at Defendants business (Dry Cleaner/Laundry/Ironers/Linen Workers/Packers/Presser) throughout their employment. Zhao Decl. ¶ 3. Plaintiff has also identified and alleged the common illegal wage policies that all employees suffered from and provided conversations she has had with the above referenced employees about Defendants illegal wage policies. Zhao Decl. ¶¶ 7-9, 11-14,16-17. Plaintiff ZHAO has "alleged that in those conversations they were "told by these former co-workers that they were all subjected to the same pay practices [as Plaintiff] … This combined with the names of the coworkers who told them they were subjected to the same practices comprises the required "minimum level of detail" to support conditional certification. *Barron v. Casa Luis Corp.,* No. 20-CV-2713 (GRB) (ST), 2022 U.S. Dist. LEXIS 11516, at *10-12 (E.D.N.Y. Jan. 21, 2022). As a result, "the purported differences between members of the collective action that Defendants identify are simply irrelevant because a common scheme or policy allegedly affects all employees." *Mongiove v. Nate's Corp.,* No. 15-CV-1024 (NGG) (RML), 2016 U.S. Dist. LEXIS 16878, at *15-16 (E.D.N.Y. Feb. 9, 2016) (citing *Guzelgurgenli v. Prime Time Specials Inc.,* 883 F. Supp. 2d 340, 346 (E.D.N.Y. 2012); *Morris v. Lettire Constr., Corp.,* 896 F. Supp. 2d 265, 272

(S.D.N.Y. 2012); *Iglesias-Mendoza v. La Belle Farm, Inc.,* 239 F.R.D. 363, 368 (S.D.N.Y. 2007)). Therefore, Plaintiff has made a satisfactory showing that she is similarly situated to the putative class.

However, Defendants further complain that Plaintiff's statements about her conversations with co-workers regarding Defendants' unlawful time-shaving and rounding policies are insufficiently specific and are not dated. *See* Def. Mem. at 5. However, Defendants do not explain how the dates of the conversations, or how the frequency of the conversations are not specific enough nor do Defendants explain how it has any bearing on the plausibility of Plaintiff's collective claims. Nor do Defendants explain why Plaintiff's account of these conversations needs to be more detailed when their subject matter is exceedingly simple: employees' frustration with Defendants' unlawful time-shaving and rounding practices. How precisely individual employees may have expressed that frustration is not germane to this motion. Furthermore, while Plaintiff has not provided exact time stamps, she has provided general timeframes, days, and situations, to aid in the analysis. *See* Zhao Decl. ¶¶ 9, 11-14, 16-17.

Defendants take further issue with Plaintiff's alleged, stating that the "blanket, conclusory statements regarding works hours and job responsibilities further (and unnecessarily) complicate the Court's analysis." *See* Def. Mem. at 5. As referenced above, employees having different job responsibilities does not doom the motion, as it is the common scheme or policy that impacts all employees. *See Mongiove* 2016 U.S. Dist. LEXIS 16878, at *15-16. Significantly, Defendants have provided no evidence or argument as to why certain job positions would not be impacted by this alleged global policy of timeshaving and rounding and as to why this would "complicate the Court's analysis." Had there truly been significant job differences that had any bearing on Plaintiff's collective claims, these differences would be at the forefront of Defendants

7

memorandum and would the vanguard of their arguments. Instead, no such argument or evidence is provided.

Defendants additionally question the veracity of Plaintiff's Declaration, specifically noting the lack of last names for several employees that Plaintiff identifies. However, Defendants are simply making a mountain out of a molehill, as courts have ruled that the lack of last names bears no affect on the threshold questions. *King v. Fedcap Rehab. Servs.,* No. 20-CV-1784 (VSB), 2022 U.S. Dist. LEXIS 18090, at *18 n.11 (S.D.N.Y. Feb. 1, 2022) (citing *Rojas v. Kalesmeno Corp.,* No. 17 Civ. 0164 (JCF), 2017 U.S. Dist. LEXIS 112491, 2017 WL 3085340, at *4 (S.D.N.Y. July 19, 2017)).

Therefore, based on the foregoing, Plaintiff has made a satisfactory showing that she is similarly situated to the putative class.

### B. The Collective Notice Should be Sent to All Non-Exempt Employees

Defendants' next attempt to argue that collective notices should be sent out to produce department workers and salad preparers, if at all. However, collective notice should be sent to all non-exempt employees as Plaintiff has observed and conversed with other employees employed in various positions at Defendants' business about Defendants' illegal wage policies.

As referenced above, "[t]he fact that the employees held different positions does not prevent conditional collective action certification because courts in this Circuit 'routinely find employees similarly situated despite not occupying the same positions or performing the same job functions and in the same locations, provided that they are subject to a common unlawful policy or practice.'" *Benavides* 166 F. Supp. 3d at 483 (citing *Guaman v.* 2013 WL 5745905, at *4).

Through Plaintiff's Complaint, Declaration, and Memorandum, Plaintiff has identified Defendants' common illegal policies of timeshaving and rounding which impacted all employeesat

Defendants business. In addition to her own experiences, Plaintiff spoke to eight (8) employees who have worked in various positions at Defendants' business about these illegal wage policies of Defendants, and how it impacted them. Zhao Decl. ¶¶ 3, 7-9, 11-14, 16-17. It is clear that Defendants' illegal wage policies of meal break timeshaving, pre-and-post shift timeshaving, and rounding impacted all employees in all positions as common illegal wage policies.

Therefore, as these illegal policies impacted every employee, at every position at Defendants' business, notice should be sent to all non-exempt employees.

### C. The Court Should Grant Plaintiff's Request For A Six-Year Notice

A number of District Courts in this Circuit "have held that where a case involves both NYLL and FLSA claims, it promotes judicial economy to send notice of the lawsuit to all potential plaintiffs at the same time even though some individuals may only have timely NYLL claims." *Anjum v. J.C. Penney Co.*, 2015 U.S. Dist. LEXIS 73820, at *32 (E.D.N.Y. June 5, 2015); *see, e.g., Garriga v. Blonder Builders Inc.*, 2018 U.S. Dist. LEXIS 171887, at *20 (E.D.N.Y. Sep. 28, 2018). To promote judicial efficiency and the remedial aims of both the FLSA and NYLL, the Court should follow the well-reasoned decisions cited herein and the proposed notice submitted with Plaintiff's Motion.

### III. CONCLUSION

Based on the foregoing reasons and the reasons previously set forth, Plaintiff respectfully requests the Court to grant Plaintiff's motion for conditional collective certification in its entirety. Alternatively, Plaintiff is open to a referral to the Court's Mediation Program, but only if the mediation were to be conducted on a class-wide basis.

Dated: New York, New York  Respectfully submitted,

      January 27, 2023  By:   */s/ C.K. Lee*
      C.K. Lee, Esq. (CL 4086)
      Lee Litigation Group, PLLC
      148 West 24th Street, Eighth Floor
      New York, NY 10011
      Tel: (212) 465-1188
      Fax: (212) 465-1181
      *Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*