# LEE LITIGATION GROUP, PLLC
148 WEST 24TH STREET, EIGHTH FLOOR
NEW YORK, NY 10016
TEL: 212-465-1180
FAX: 212-465-1181
INFO@LEELITIGATION.COM

WRITER'S DIRECT: 212-465-1188
cklee@leelitigation.com

April 28, 2023

**Via ECF**
The Honorable Katherine Polk Failla, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Zhao v. Surge Private Equity LLC, et al*
Case No. 22-cv-07314

**MEMO ENDORSED**

Dear Judge Failla:

We are counsel to Plaintiff. We write to inform the Court of discovery disputes and to request an informal conference under Local Civil Rule 37.2 and Your Honor's Individual Rules and Practices in Civil Cases, Section 3(C). The parties have met and conferred on April 5, 2023 and April 18, 2023, but were unable to successfully resolve the following disputes, which now require Court intervention:

- Class Discovery
- E-Discovery
- Deposition of individual Defendant and Corporate Defendants' Rule 30(b)(6) Witnesses.

### 1. Class Discovery

During the April 18, 2023 meet and confer, the Parties agreed that Defendants will inform Plaintiff of the class size by April 21, 2023 and reconvene to confirm the sampling size by April 25, 2023. *See* **Exhibit A**, Discovery Confirmation Email. They have failed to do either or to produce any class discovery prior to conditional certification of the class.

Class discovery is appropriate and necessary because it will help ascertain whether class treatment is appropriate. It is well-established that in wage and hour cases, pre-class certification discovery of putative class members is permissible and necessary to assist in demonstrating that the representative plaintiff can satisfy Rule 23 criteria. Courts in the Second Circuit have repeatedly held that plaintiffs are entitled to pre-certification discovery of documents regarding potential class members. *See Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 571 (2d Cir. 1982) ("[T]here can be no doubt that it is proper for a district court, prior to certification of a class, to allow discovery and to conduct hearings to determine whether the prerequisites of Rule 23 are satisfied."); s*ee also Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 492 (S.D.N.Y. May 19, 2016) ("[P]roduction of wage-and-hour documents, . . . [for all non-exempt employees in the six years prior to the complaint] would likely support findings of commonality, typicality, numerosity, that the class is identifiable and ascertainable, and that common questions predominate over any individual issues as required by Rule 23."). In *Salazar v. Spectrum of Creations, Inc.*, No. 16 Civ. 653, Dkt. No. 52 (VSB) (S.D.N.Y. Sept. 9, 2016), the court held:

> "Whatever the merits of their claim, Plaintiffs have repeatedly stated throughout this action that they intend to seek Rule 23 class certification, and the Second Circuit has noted both that '[i]n deciding a motion for class certification under Rule 23, the district judge must receive enough evidence . . . that each Rule 23 requirement has been met."

Furthermore, Plaintiff has inquired about the class size and expressed willingness to consider a sampling of documents, if appropriate, but Defendants failed to produce any documents beyond that of Plaintiff's, and to this day, failed to inform Plaintiff of the class size. Courts consistently find that that "a blanket refusal to provide class and collective discovery would be inappropriate." *Thompson v. Glob. Contact Servs., LLC*, 2021 U.S. Dist. LEXIS 57589, at 2 (E.D.N.Y. Feb. 16, 2021). "Even if Plaintiff's motion for conditional certification *of a collective* was denied, Plaintiff would be entitled to discovery on her class claims." *Thompson*, 2021 U.S. Dist. LEXIS 57589, at 2-3. *See also Rahman v. Smith & Wollensky Rest. Grp., Inc.*, No. 06 Civ. 6198, 2007 U.S. Dist. LEXIS 37642, at 9 (S.D.N.Y. May 24, 2007) ("Pre-certification discovery is often necessary in order to provide the court with sufficient information to determine whether certification is appropriate").

Moreover, it is well-established that pre-certification discovery of covered employees contact information is permissible in class and collective actions. *See Youngblood v. Family Dollar Stores, Inc.*, 2011 U.S. Dist. LEXIS 52821 (S.D.N.Y. 2011) ("Indeed, a number of courts, in this district and elsewhere, have concluded that pre-certification disclosure of the names and addresses of putative class members in wage and hour cases is appropriate.") (collecting cases); *see also Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 571 (2d Cir. 1982); *In re Initial Public Offering Securities Litigation*, 471 F.3d 24, 41 (2d Cir. 2006).

For the reasons stated herein, the Court should compel Defendants to produce class discovery.

### 2. E-Discovery

During the meet-and-confers on April 5, 2023 and April 18, 2023, the Parties discussed Plaintiff's e-discovery requests. Plaintiff requested that Defendants confirm the names of contemplated custodians and any objections to the search terms in Plaintiff's First Request for Production of Documents. Defendants failed to provide any response by April 25, 2023, as agreed upon by the Parties. Courts in this Circuit have allowed pre-class certification discovery, including e-discovery, of putative class members before a motion for class certification is filed.

Therefore, Plaintiff requests Defendants be compelled to respond to Plaintiff's request for e-discovery.

### 3. Depositions

Plaintiff served deposition notices for Individual Defendant and 30(b)(6) representatives for Corporate Defendants. *See* **Exhibit B**, Notices of Deposition. Plaintiff has sought potential deposition dates to be scheduled in May 2023. During the April 18, 2023 meet-and-confer, Defendants rejected the dates proposed by Plaintiff, but agreed to identify witnesses and their availability by April 25, 2023. To this day, Defendants have not identified their 30(b)(6) representatives or confirm deposition dates.

Therefore, Plaintiff requests Defendants be compelled to identify 30(b)(6) representatives for Corporate Defendants and confirm deposition dates.

We thank the Court for its time and consideration.

Respectfully submitted,
*/s/ C.K. Lee*
C.K. Lee, Esq.
cc:  all parties via ECF

The Court is in receipt of Plaintiff's above letter motion to compel discovery, filed on April 28, 2023.  (Dkt. #27).  Per this Court's Individual Rules, Defendants were to file any response within three business days after Plaintiff's filing.  (*See* Individual Rule 2.C.).  Accordingly, Defendants are **ORDERED** to submit a response to Plaintiff's above letter motion by **May 5, 2023**.  If Defendants fail to respond to Plaintiff's letter motion by this date, the Court will consider the motion unopposed.

Dated:   May 4, 2023
         New York, New York

SO ORDERED.

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

3