# LEE LITIGATION GROUP, PLLC
148 WEST 24TH STREET, 8TH FLOOR
NEW YORK, NY 10011
TEL: 212-465-1188
FAX: 212-465-1181
INFO@LEELITIGATION.COM

WRITER'S DIRECT:        (212) 465-1188
                        cklee@leelitigation.com

October 31, 2023

**Via ECF**
Hon. Dale E. Ho
United States District Court
Southern District of New York
40 Foley Square,
New York, NY 10007

          Re:   *Zhao v. Surge Private Equity LLC, et al*
                  Case No. 22-cv-07314

Dear Judge Ho:

      We are counsel to Plaintiff in the above referenced matter. We write jointly with Defendants pursuant to Your Honor's October 16, 2023 Order.

1. **Names of counsel and current contact information, if different from the information currently reflected on the docket**

- Plaintiff Marianna Zhao – represented by C.K. Lee and Anne Melissa Seelig.
- Defendants Surge Private Equity LLC, Hippodrome Services Corp., Hippodrome LLC, and Douglas Kopelman – represented by John Joseph Byrnes, III and Elizabeth Rolande Gorman.

2. **A brief statement of the nature of the case and/or the principal defenses thereto**

      This is a class and collective action case filed by Marianna Zhao pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 et. Seq. ("FLSA") and the New York Labor Law ("NYLL"). Plaintiff alleges that she, and others similarly situated individuals are entitled to recover from Defendants: (1) unpaid wages due to time shaving; (2) unpaid wages due to rounding; (3) statutory penalties; (4) liquidated damages; and (5) attorney's fees and costs.

3. **A brief explanation of why jurisdiction and venue lie in this Court**

      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

4. **A statement of all existing deadlines, due dates, and/or cut-off dates**

On October 13, 2023, the Parties jointly filed a status report informing the Court that the case did not settle and proposing an updated discovery schedule for fact discovery to tentatively end April 1, 2024, subject to class motions, for the Court's consideration and approval. Per Your Honor's order, a new Case Management Plan is attached to this letter.

5. **A statement of any previously-scheduled conference dates with the Court that have not yet occurred and the matters that were to be discussed**

None.

6. **A brief description of any outstanding motions, including the date of the motion and the nature of the relief sought**

Plaintiff intends to file a Rule 23 Motion for Class Certification, a Motion for Final Collective Certification and a Motion for Summary Judgment.

7. **A statement and description of any pending appeals**

None.

8. **A detailed statement of all discovery undertaken to date, including how many depositions each party has taken and what, if any, discovery remains that is essential for the parties to engage in meaningful settlement negotiations**

The Parties exchanged Initial disclosures, Interrogatories, Responses to Document Production Requests, and in preparation of the Class wide Private Mediation, which occurred on September 28, 2023, Defendants provided a sample production of seven (7) employees' wage and hour documents.

The parties are in the process of scheduling depositions to take place during the month of December of 2023.

Plaintiff will request Class discovery as to Class Members' payroll records, time records, wage notices, and wage statements. Plaintiff will also request employee contact details as part of its investigation. Plaintiff further intends to utilize e-discovery and will require search terms for appropriate custodians.

9. **A brief description of the status of prior settlement discussions, without disclosing exact offers and demands**

The Parties participated in a private mediation with Mr. Raymond Nardo, on a class wide basis, on September 28, 2023, but did not settle the case.

**10. A statement of whether the parties have discussed the use of alternate dispute resolution mechanisms and indicating whether the parties believe that (a) a settlement conference before a Magistrate Judge; (b) participation in the District's Mediation Program; and/or (c) retention of a privately retained mediator would be appropriate and, if so, when in the case (e.g., within the next 60 days, after the deposition of plaintiff is completed, after the close of fact discovery, etc.) the use of such a mechanism would be appropriate;**

The Parties participated in a private mediation with Mr. Raymond Nardo, on a class wide basis, on September 28, 2023, but did not settle the case.

**11. An estimate of the length of trial**

Counsel for the parties have conferred and the present best estimate of the length of trial is three (3) to five (5) days.

**12. Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive or novel issue raised by the case.**

None.

We thank the Court for its time.

Respectfully submitted,

*/s/ C.K. Lee*
C.K. Lee, Esq.